It is not error to permit a declaration in ejectment to be amended by adding a demise in the name of the same lessors for the same land before appearance; nor to permit an amendment after appearance, if no other title but that relied upon in the original demise is to be offered in evidence.

## Giltner, &c. *vs* Trustees of Carrollton.

### APPEAL FROM THE CARROLL CIRCUIT.

*Practice in suits at law. Towns. Trustees.*

JUDGE BRECK delivered the opinion of the Court.

THIS was an ejectment by the Trustees of Carrollton, to recover a strip of land claimed to be within the bounds of the town, and to be a common or public ground belonging to it. The first amended demises were filed before the defendants appeared and plead.

The lessors were the same as in the original declaration, and the demises for same land. The amendment consisted merely in laying one demise in the names of part of the lessors, and the other in the names of the residue. The second amendment in the name of Cave Johnson, who it appears, was the survivor of the trustees appointed by the Legislature in 1794, was filed on the same day the tenants in possession were made defendants. In the order permitting the amendment to be filed, it is stated that no title shall be shown under it, except the right or title, which might be in the lessor as trustee.

Under the circumstances, it seems to us that there was no error in permitting either amendment to be filed.

The instructions which the Court below gave the jury, embrace substantially the law of the case.

It sufficiently appears from the deed of Peachy, the plat of the town, and the act of the Legislature, as stated by the Court, that the town was bounded on the west by the Kentucky river, and embraced the land in contest. The inference is also authorized from the plat, that the land in contest was intended for public use as a common for the use of the town, for affording free access to the river for lading and unlading boats, &c. Whether the act of 1799 divested the trustees of 1794, of the title, and vested it in the trustees appointed by the former act, it is not material to decide, as in either event the title is

in the lessors of the plaintiff. If the title remained in the trustees of 1794, the plaintiff showed title in the lessor, Johnson. If it vested in the trustees appointed in 1799, then he showed title in the heirs of Bullock, the survivor of that set of trustees.

The conveyance by Johnson to the defendants or those under whom they claim, upon the supposition that the title remained in him, was void. Trustees of towns have no authority to convey the streets, alleys or public grounds and such conveyances are absolutely void as decided by this Court in *Buckner* vs *Trustees of Augusta*, (1 Marshall, 9;) *Kennedy's heirs* vs *Town of Covington*, (8 Dana, 50,) and *Trustees of Augusta* vs *Perkins*, (3 B. Monroe, 437.)

The trustees of towns have no authority to convey the streets, alleys and public grounds, and such conveyances pass no title: (1 Marshall, 9; 8 Dana, 50; 3 B. Monroe, 437.)

The objection to the statement of witnesses that the land in contest had been considered and used as public ground, becomes unimportant in the view which we have taken, even if otherwise it would have been available. But we are inclined to think there was no error in refusing to exclude such statements in any view of the case.

In regard to the objection that the verdict is against the evidence, we are not satisfied that the judgment ought, upon that ground, to be disturbed.

Perceiving no error to the prejudice of the appellants, the judgment is, therefore, affirmed.

*Hord, Robertson and Hewitt* for appellants; *Loughborough* for appellees.