## Faith v. City of Owensboro.

(Decided November 9, 1911.)

### Appeal from Daviess Circuit Court.

1. Cities—Streets—Adverse Possession.—An action by a city to recover a part of a street or other public easement is not barred by an adverse possession of thirty years unless notice in writing is given the city as provided by section 2546, Kentucky Statutes, and this is true although the adverse possession began a few years before the enactment of that statute.

2. Same.—A city may show the acceptance of a street by proof of its long use by the city and the public as a street.

3. Same—River Front.—Where a town is plotted off fronting a river and a street is laid off next to the river, the ground between the street and the water's edge, passes to the town as a public easement unless reserved in some way, although the width of the street as stated on the plot, would not reach to the water's edge, but only to the top of the bank.

SWEENEY, ELLIS & SWEENEY and T. J. LASWELL for appellant.

R. S. TODD for appellee.

OPINION OF THE COURT BY CHIEF JUSTICE HOBSON—Affirming.

The city of Owensboro was plotted and laid out previous to the year 1817 and under another name; but in that year an act was passed incorporating it and changing the name to Owensboro.   On the plot of the town as originally laid out, the street next to the river is designated as Front Street or Water Street, 120 feet wide.   At right angles to this street, among others on the original plot are St. Anne Street and Allen Street.   The city brought this suit against W. Louis Faith alleging that he had taken possession of a part of Front or Water Street, between St. Anne and Allen Streets.   By an

amended petition it was alleged that he had taken possession of a strip of land lying between Front Street and the river. By his answer he alleged that he owned a strip of land extending 200 feet east of St. Anne Street and lying between the river and a line drawn 60 feet from the south side of Front Street. As the north side of Front Street is next to the river and Front Street is 120 feet wide, it will be seen that the defendant asserted title to a strip 60 feet wide and 200 feet long, lying within Front Street and also to the land lying between this strip and the river. Considerable proof was taken and on final hearing the Circuit Court entered a judgment in favor of the plaintiff. The defendant appeals.

The proof is to the effect that the river has cut into Front Street, and about one-half of the street as originally established has fallen in, the top of the bank being now about the middle of the street. The defendant claims the space from the top of the bank to the river. He shows no title to it except by adverse possession. The proof shows that the street has since been used as a street by the public since the town was established. Although there is no record of any formal acceptance of the street by the City, the proof of its use by the public and the city is sufficient to show an acceptance of the dedication. By the plot which was filed of record, the whole of Front Street, 120 feet wide, was made a public highway. The strip between Front Street and the river, that is, the space that was then between the top of the bank and the water, was not reserved in the grant, and under the rule established by this Court, passed to the city. (Rowan v. Portland, 8 B. Mon. 232; Uniontown v. Berry, 24 R., 1692.) In the charter of the city enacted in 1817, this space was dedicated to the public use and the former owners have acquiesced in this. We therefore conclude that the title to the property is in the city and it remains to determine whether the defendant has acquired title to it by adverse possession.

He introduced proof tending to show that he took possession of the property about the year 1870, or a little before, and has held it from that time until the bringing of this suit. Section 2508, Kentucky Statutes, which is a part of Article 1 of the Chapter, provides:

"The period within which an action for the recovery of real property may be brought shall not, in any case, be extended beyond thirty years from the time at which the right to bring the action first accrued to the plaintiff,

or the person through whom he claims by reason of any daeth or the existence or continuance of any disability whatever.''

Section 2546, Kentucky Statutes, provides:

''The limitations mentioned in the first article of this chapter shall not begin to run in respect to actions by any town or city for the recovery of any street, alley or other public assessment, or any part of either, or the use thereof in such town or city, until the trustees, or the council or the corporation, by whatever name known or called, have been notified in writing by the party in possession, or about to take possession, to the effect that such possession will be adverse to the right or title of such town or city. Until such notice is given, all possession of streets, alleys and public easements, or any part of either, in any town or city, shall be deemed amicable, and the person in possession the tenant at will of such town or city.''

Faith did not give notice in writing of his claim to the property and as he has not had possession of the property fifteen years when this act was passed in 1873, as has been held, the city was not barred by the fifteen years' statute when this suit was brought. (Bosworth v. Mt. Sterling, 87 Ky. 72; Latonia v. Latonia Association, 33 R. 138.) But it is insisted that thirty years' adverse possession of a street bars a city although the notice as required by Section 2546 was not given. We do not so understand the statute. Section 2508 is a part of Article 1. Section 2546 provides that the limitations mentioned in Article 1 shall not begin to run against the city until the notice is given. This necessarily includes Section 2508 as well as the other sections of Article 1. The purpose of the statute was to protect cities, and its purpose would be defeated if it was held that a thirty years' possession without written notice would bar an action by the city. To prevent this very thing the concluding words of Section 2546 were added, providing that until the written notice is given, the possession of the person holding the streets, alleys or public grounds, shall be amicable, and the person in possession the tenant at will of the city.

The conclusion we have reached makes it unnecessary for us to consider the other questions raised.

Judgment affirmed.