## Morrison v. Town of West Point.

(Decided December 14, 1923.)

### Appeal from Hardin Circuit Court.

Pleading—Judgment Must be Rendered on Pleadings for Failure to Reply, Notwithstanding Finding.—Pleadings allowed after the answer in forming the issue are the reply and such additional

pleadings by way of rejoinder and rebutter as may be necessary for the purpose, and this rule is so rigid that the court is required to give judgment for the party whom the pleadings entitle thereto, and, if no reply be filed to an answer which presents a defense the defendant is entitled to judgment, notwithstanding weight of evidence supports finding of chancellor for plaintiff.

H. L. JAMES for appellant.

L. A. FAUREST for appellee.

OPINION OF THE COURT BY CHIEF JUSTICE SAMPSON—
Reversing.

This case was commenced by the town of West Point against appellant Morrison to recover the possession of a small body of land in that town, which it is alleged in the petition had been dedicated to the city as a part of a street, alley and public square, and had been held and used by the city for many years for such purposes, but later taken into possession, used and occupied by Morrison, who obstructed the street and alley and appropriated part of the public square.

The first paragraph of the answer is a traverse of the averments of the petition. The second paragraph of that pleading is a plea of adverse possession, it being admitted that Morrison was in possession of the plot of ground described in the petition, and claiming it as his own against the city, the averment being: "He says that he and those under whom he claims have been in the actual, continuous, adverse, peaceable possession of all of said land, claiming to own the same to the extent of all of said lands as against the world for more than fifteen years prior to the first day of January, 1873; that during all of said time this defendant and his vendors have had said land inclosed and their possession thereof has been uninterrupted, continuous and peaceable and under claim of right since the year of 1855. The defendant pleads and relies on the statutes of limitations in such cases made and provided as a bar to the plaintiff's action." This was a counterclaim though not so styled. Not being so styled he was not entitled to relief under it. Civil Code, subsection 4 of·section 97.

There was no demurrer to the answer and no reply. The affirmative averments were not controverted of record; notwithstanding this the case was prepared by the taking of a great deal of evidence and the chancellor

upon the facts presented held that the town was entitled to the relief which it sought, and that the northwest corner of the public square between High street on the south, Cross street on the east, lot 24 on the north and lot 23 on the west and also that part of Cross street and Fish alley extending from High street to the Ohio river have been closed by the defendant, and that same are public places and ways of the town of West Point, and it ordered and adjudged that the defendant, L. Morrison, remove all obstructions from said portion of said public square and said portions of said street and alley, and that he be enjoined from further obstructing the same.

The case appears to have been practiced as though a reply had been filed to the answer, pleading adverse possession although no reply is referred to in the record. Newman, in his work on Pleading and Practice, section 509, says:

"The pleadings allowed after the answer in forming the issue are the reply and such additional pleadings by way of rejoinder and rebutter as may be necessary for the purpose. This rule is so rigid that the court is required to give judgment for the party whom the pleadings entitle thereto, notwithstanding there may have been a verdict against him. If no reply be filed to an answer which presents a defense, the defendant is entitled to judgment, notwithstanding a verdict for plaintiff."

Inasmuch as the affirmative averments of the answer pleading adverse possession for fifteen years next before the first day of January, 1873, was uncontroverted, it was the duty of the court to treat it as confessed. This we dislike to do in view of the testimony, for we are of opinion that the weight of the evidence supports the finding of the chancellor.

There is no brief for appellee, the town of West Point, although time was asked and granted in which to prepare and file one many months ago.

In order that justice may be done the judgment is reversed with directions to allow a reply to be filed if the city desires to do so, and for other proceedings permissible under the practice.

Judgment reversed.