## Morris, et al. v. Avondale Heights Company, et al.

(Decided December 17, 1926.)

### Appeal from McCracken Circuit Court.

1. Dedication—Labeling of Plat "Reserve" Held Not Dedication for Park Purposes, in View of Payment of Taxes and Sale of Portion Thereof.—In suit to enjoin sale of certain land tracts, claimed set aside as park, marking of word "Reserve" on plat, held not dedication of property for park purposes, in view of payment of taxes and sale of portion of reserved space for waterworks purposes.

2. Dedication—Seller's Representations that Property Would be Used as Park, if Admissible, Would Not Constitute Contemporaneous Construction of Plat Recorded Long Before.—If officers of land company, defendant in suit to enjoin sale of claimed park lands, represented that such lands were intended and were always to be kept as parks, such representations, if admissible, would not constitute contemporaneous construction of plat; plat having been recorded and adopted many years before.

3. Dedication—Tax Payment by Owner on Property Dedicated for Public Purposes Neither Works Estoppel Against Public nor Vests Owner with Title.—Where property has actually been dedicated for public purposes, payment of taxes on property by owner neither works estoppel against public nor vests owner with title.

4. Dedication—Tax Payment by Owner, Being Inconsistent with Claim of Dedication for Public Purposes, is to be Considered on Question of Dedication.—Where question is whether dedication

of property has been made for public purposes, payment of taxes by owner being inconsistent with claim of dedication, is circumstance to be considered.

5. Injunction—Misrepresentations that Reserved Tracts Would be Park Held Not Ground for Injunction; Purchasers' Remedy by Rescission or Damages Being Adequate.—If officers of land company, as claimed, made misrepresentations concerning setting aside of certain land for park purposes, purchasers may obtain all relief to which entitled, either by rescission of contract of sale or by action for damages; denial of injunction restraining sale of reserved spaces for residential purposes not being error.

BRADSHAW & MacDONALD and W. F. McMURRY, JR., for appellants.

WHEELER & HUGHES for appellees.

Opinion of the Court by Judge Clay—Affirming.

In 1906 the Gregory Heights Company was organized for the purpose of buying, subdividing and selling real property. Shortly thereafter it acquired 210 acres of land lying about a mile west of the corporate limits of Paducah. This tract was subdivided into residential lots and in 1908 a plat of the subdivision was recorded in the McCracken county clerk's office. On the plat, and at a point where three avenues converge, is an open space of several acres marked "Heights Park." A small lot of ground located at one of the corners of block W, and at a point where 34th and 35th streets converge, was marked "Reserve." At the end of North Central avenue and near the western boundary of the subdivision is an irregularly shaped tract of land which was also marked "Reserve." After disposing of a few lots the Gregory Heights Company became financially involved, and in the year 1913 sold and conveyed the remainder of the lots to the Avondale Heights Company, a corporation that had also been organized for the purpose of dealing in real estate.

In the year 1922, Xenoline Morris and others who had purchased lots in the subdivision brought this action against the Avondale Heights Company to enjoin it from selling any portion of the two tracts marked "'Reserve" for residential purposes or any other purposes inconsistent with their use and enjoyment by the lot owners as parks or open spaces. The petition proceeds not only on the theory that the sales of the lots were made by the

plat, and that the word "Reserve" operated as a dedication for park purposes of the spaces so marked, but also on the theory that the authorized agents of the Avondale Heights Company represented to plaintiffs and other purchasers that the spaces marked "Reserve" were intended to be kept and would always be kept as free and open spaces without any buildings thereon for the use and benefit of the lot owners in the subdivision; that these representations constituted an oral and contemporaneous construction of the deeds and plat, and were made for the purpose of inducing plaintiffs and other lot owners to purchase the lots, and were relied on by them in making the purchases. There was evidence by some of the plaintiffs, and by others who were shown the lots but did not purchase, that the president and also the secretary of the company represented to them that the spaces marked "Reserve" would always be reserved for park purposes. On the other hand, both the president and secretary deny that any such representations were made. On final hearing plaintiffs were denied the relief prayed and they have appealed.

It is not seriously contended, nor are we disposed to hold, that the word "Reserve" on the plat operated as a dedication of the tract so marked. The use of the words "Heights Park" shows a clear understanding of what words were necessary to effect a dedication for park purposes, and the fact that the word "Park" was not used in connection with the tracts in question, but only the word "reserve" was employed, must be construed as indicating a different purpose with respect to those tracts. H. A. & L. D. Holland Co. v. Northern Pacific R. Co., 208 Fed. 598; Cleveland v. Bergen Bldg., etc., Co. (N. J. Ch.), 55 A. 117, Patterson v. People's Natural Gas Co., 172 Pa. 554, 33 A. 575.

Even if it be conceded that the president and secretary of the company represented to plaintiffs that the spaces marked "Reserve" were intended, and would always be kept, as parks or open spaces for the use and enjoyment of the lot owners, it is not perceived how these representations, even if admissible for that purpose, constituted a contemporaneous construction of the plat that was recorded and adopted many years before. Nor can they be regarded as controlling on the question of practical construction, in view of the inconsistent action taken by the company. It is true that, where property has

actually been dedicated for public purposes, the payment of taxes on the property by the owner neither works an estoppel against the public nor vests him with title, Elliott v. City of Louisville, etc., 90 S. W. 990, but where the question is, whether a dedication has been made, the payment of taxes by the owner, which is inconsistent with the claim of dedication, is a circumstance to be considered. Not only did the company continue to pay taxes on the property in question, but several years ago it sold a portion of one of the reserved spaces for waterworks purposes, and this too was inconsistent with a dedication for park purposes.

But, passing this phase of the case, it must not be overlooked that the sales of the lots were made privately, and that there was no public announcement or advertisement of the fact that the reserved spaces would be kept open for park purposes. There are several hundred lots in the subdivision, and plaintiff purchased only a few of them. There being no dedication by the plat, it is clear, we think, that the representations to a few of the purchasers, even if within the scope of the authority of the officers making them, did not effect either a public dedication or a dedication or easement in favor of those persons to whom no such representations were made. To hold that because of such representations plaintiffs are entitled to have the reserved spaces maintained for park purposes would necessarily result in requiring the company to maintain two parks for the benefit of the public and other lot owners who had no rights in the premises. That this would be unjust to the company is perfectly apparent. Therefore, the most that can be said in favor of the complaining purchasers is that if the alleged misrepresentations were made, and were within the scope of the authority of the officers making them, a question not now decided, they may obtain all the relief to which they are entitled either by a rescission of the contracts of sale, or by an action for damages. As the sole relief sought in this action was an injunction restraining the sale of the reserved spaces for residential purposes, and requiring the company to maintain such spaces for park purposes, we conclude that the chancellor did not err in refusing the prayer of the petition.

Judgment affirmed. Whole court sitting.