## Morrison v. Town of West Point.

(Decided March 18, 1927.)

### Appeal from Hardin Circuit Court.

1. Adverse Possession.—Actual, peaceful possession of public square under claim of adverse possession against city for more than 15 years prior to time when Ky. Stats., section 2546, requiring written notice to city before adverse possession can be commenced against city, went into effect, would be good defense, in action by city to maintain property for public use, if proved.

2. Easements.—Ky. Stats., section 2546, requiring written notice to city before adverse possession can be commenced against city, is not limited to streets and alleys, but covers public easements.

3. Dedication.—Where owner subdivided his property into town lots and made plat thereof, which was recorded, and sold lots according to numbers in plat showing streets and alleys and certain part marked as "public square," there was sufficient dedication whereby city acquired easement in square for use of public.

H. L. JAMES for appellant.

L. A. FAUREST for appellee.

OPINION OF THE COURT BY DRURY, COMMISSIONER—
Affirming.

Dr. Morrison has again been unsuccessful in his litigation with the town of West Point, and has appealed. The opinion in the first appeal may be found in 201 Ky. 380, 256 S. W. 1102. On the return of the case, the city filed a reply. Thereupon the case was submitted upon the same proof upon which it was heard before, and again the court found for the city. Dr. Morrison's first contention is that he and those under whom he claims had been in the actual, peaceful possession of the property in controversy, claiming it adversely and continuously, for more than 15 years previous to January 1, 1873, the time when section 2546, Kentucky Statutes, went into effect, and this would be a very good defense, if he had proved it. His next allegation of error is that a large part of this property is not a street or alley, and that hence, section 2546, Kentucky Statutes, has no application, as it is admitted that he and those under whom he claims have been in possession since 1884, but he overlooks the fact that section 2546 is not limited to streets and alleys, but also covers public easements.

In City of Franklin v. St. Mary's R. C. Church, 188 Ky. 161, 221 S. W. 503, we wrote this:

"It is also a matter of common knowledge that many towns and cities have an easement in the land that is not used or occupied by streets or alleys. For example, in a great many towns and cities in the state there are wharves or public landings the easement in which is in the city or town. There are also numbers of public places, such as parks, in which cities and towns have an easement that carries with it the right to use and enjoy, although the title is in some other person."

Thus in the case of City of Uniontown v. Berry et al., 72 S. W. 296, 24 Ky. Law Rep. 1692, we upheld the claim of the city of Uniontown to certain land between Water street and the Ohio river.

The city of West Point is small for its age. In the early part of the last century one James Young, who then owned considerable property thereabouts, subdivided it into town lots and made a plat thereof, which was recorded in Deed Book A, p. 631, in Hardin county records. He sold off the lots and conveyed them according to numbers as given on this plat, and Dr. Morrison is shown to be the owner of lots 23, 24, 9, and 10 as shown on that plat. This plat shows streets and alleys, and a certain part of it is marked "Public Square." This was a sufficient dedication.

" 'The principle is well settled that where the owner of land lays the same out in building lots, streets, and alleys, and exhibits a map of it, which defines the lots, streets, and alleys, though the streets and alleys are not yet actually opened, and sells the lot as bounded by such street or alley, this is an immediate dedication of such street or alley to the use of the purchaser and to the public.' " Newport Pressed Brick & Stone Co. v. Plummer, 149 Ky. 534, 149 S. W. 905.

By this dedication the city acquired an easement in this open square for the use and enjoyment of its citizens. The city of West Point is not endeavoring to establish title to the property. What it is endeavoring to do is to show that it has such rights in this property as to enable it to require that it be left open and unoccupied for the

unobstructed use of the public. In our former opinion we said:

> "We are of opinion that the weight of the evidence supports the finding of the chancellor."

Upon the same evidence, another chancellor has made the same finding, and we are still of the same opinion.

The judgment is affirmed.