## Wood v. Town of Lewisport.

(Decided October 28, 1927.)

Appeal from Hancock Circuit Court.

1. Adverse Possession.—In action by city to recover possession of street lying in front of defendant's lots, defendant's plea of adverse possession, which did not allege that defendant or those

through whom he claimed had had adverse possession of property for 15 years prior to enactment of Ky. Stats., section 2546, in 1873, or that defendant ever gave notice in writing of adverse possession as required by statute, was insufficient.

2. Municipal Corporations.—In action by city to recover possession of portion of street lying in front of defendant's lots, plaintiff's allegation of ownership, construed in light of other averments contained in petition, as it had to be construed, showed that plaintiff town was not claiming to own fee-simple title to property in question.

3. Adverse Possession.—Where title to land between street and river was vested in trustees, for use and benefit of inhabitants of town, right to this use was mere easement, and one claiming adverse possession was required to give notice to town, under Ky. Stats., section 2546.

4. Municipal Corporations.—Mere abandonment of street, without taking steps necessary to have street closed, will not operate to vest title to land in adjoining landowner.

5. Municipal Corporations.—Under Ky. Stats., section 3704, ordinance providing that property owners adjoining Ohio river bank should have privilege of fencing and controlling land under river bank for 100 feet from top of bank, where it did not interfere with passage to and from river, conferred on those taking advantage of its terms a mere license, which town could revoke at any time.

6. Municipal Corporations.—Where ordinance conferred on property owners adjoining Ohio river bank privilege of fencing and controlling land under river bank for 100 feet from top of bank, and defendant's vendors took advantage of its terms, when board of trustees notified defendant to vacate, his right of occupancy ceased.

7. Estoppel.—Plea that town was estopped from asserting title to land on river bank because defendant's vendors had taken possession of ground in controversy and expended much labor and large sums of money in taking care of and protecting ground and river front under terms of ordinance held unavailing, since, under Ky. Stats., section 3704, ordinance conferred mere license, revocable at any time.

8. Dedication.—Streets, alleys, and public grounds designated on plan of town vest in trustees for use of property holders, and cannot be diverted from that use, whether town is of private establishment or is established by public authority.

9. Dedication.—Where plan of town shows no line separating town from Ohio river, inference is clear that it was intended to and did go to river, and any space between streets and water's edge that has not been sold or otherwise appropriated is presumably dedicated to public as common for public use.

10. Pleading.—In action by city to recover possession of portion of street lying in front of defendant's lots, mere denial of legal effect

of filing and recording of plat of town was not sufficient to raise an issue of fact.

CLEMENTS & CLEMENTS and BEN D. RINGO for appellant.

R. MILLER HOLLAND for appellee.

OPINION OF THE COURT BY CHIEF JUSTICE CLAY— Affirming.

This is an action by the town of Lewisport, a city of the sixth class, to recover possession of a portion of Front or Main street lying in front of lots 1 and 2 in the town of Lewisport, and a strip of ground lying between Front or Main street and the Ohio river. A demurrer was sustained to the original and amended answer, and, the defendant having declined to plead further, judgment was rendered in favor of plaintiff. Defendant appeals.

Briefly stated, the facts alleged in the petition are these: Defendant is the owner of lots 1 and 2 on the plat of the town of Lewisport. These lots are located on the east side of Front or Main street. This street was dedicated to the public use in the original plat of the town, was accepted by the town as such, and was used by the traveling public from the time of the incorporation of the town until that portion of the street was undermined by the Ohio river and fell into the river. There is a strip of ground containing one acre, more or less, lying between Front or Main street as shown on said plat as originally dedicated to the public use and the Ohio river. Defendant is now in possession of that portion of the street and of the ground lying between his lots and the river, and refuses to vacate said land or to give possession thereof to plaintiff. Plaintiff is the owner, and is entitled to immediate and full possession of said Front or Main street, and of the ground lying between said street and the river. Defendant's possession is a continuous injury to and interference with the rights of the plaintiff, and greatly hampers plaintiff's control of the river front, and interferes with the lawful use of the river front. Following these allegations is a prayer that plaintiff be adjudged the owner of the land in question, that defendant be adjudged to have no interest in or right to possession of any part of the land, that he be required to deliver possession to plaintiff, and that he be perpetually enjoined from interfering with plaintiff's possession.

Before answering plaintiff filed an amended petition alleging the following facts: Those who laid off the town were the owners of all of the land shown on the plat, and by said plat and their written declaration dedicated all of the streets and alleys shown on said plat, including Front street, and the public ground and landing to low-water mark on the Ohio river. Said written declaration and dedication accompanied said plat and are recorded with said plat, which was filed with the amendment. The defendant purchased lots 1 and 2 from Thomas Gittings by deed dated January 5, 1926. These lots front 75 feet on Front street and are 150 feet deep, except that it is provided in said dedication that lot No. 1 shall give way to any error in the measurements of the lots. From the time of the execution and delivery of said plat all the streets and alleys shown thereon, and the public ground and landing from Front street to low-water mark on the Ohio river, including the space between lots 1 and 2 and low-water mark on the Ohio river, were held in trust by James Prentiss and others for the use and benefit of the inhabitants of the town of Lewisport. The title thereto immediately vested in the trustees of the town of Lewisport, and is now vested in them, for the use and benefit of the inhabitants of the town. Front or Main street was used continuously by the traveling public from the date of its dedication until about 1908, at which time so much of it had fallen into the river that it could not be used as a street in front of lots 1 and 2, but a portion of said original street still remained, and a sidewalk, which is a part thereof, is still intact, and that portion of Front street which has fallen into the river has not been used or claimed by the defendant. The ground now being used by defendant is a part of said public ground lying between said Front street and low-water mark on the Ohio river. The public ground between Front street and low-water mark on the Ohio river was accepted by the town of Lewisport for wharfage landings, and for the use and enjoyment of all the inhabitants of the town and for the public generally. ·

In his answer the defendant admitted that Front or Main street was once used as a place of public travel, but alleged that it had not been so used since 1908, at which time it was abandoned by the city of Lewisport, and that thereafter neither it nor any portion of the lands lying between said street and the river was or could be used as a public street or for any purpose whatever by the

town of Lewisport, or by any other person excepting the defendant and his vendors. He then denied practically all the allegations of the petition as amended. Following these denials there was a plea of adverse possession and estoppel.

We shall first consider the sufficiency of the plea of adverse possession. Section 2546, Kentucky Statutes, is as follows:

"The limitations mentioned in the first article of this chapter shall not begin to run in respect to actions by any town or city for the recovery of any street, alley, or other public easement, or any part of either, or the use thereof in such town or city, until the trustees, or the council or the corporation, by whatever name known or called, have been notified in writing by the party in possession, or about to take possession, to the effect that such possession will be adverse to the right or title of such town or city. Until such notice is given, all possession of streets, alleys and public easements, or any part of either, in any town or city, shall be deemed amicable, and the person in possession the tenant at will of such town or city."

Appellant did not plead that he and those through whom he claimed had had adverse possession of the property in question for a period of 15 years prior to the enactment of the foregoing statute in 1873. Nor did he plead that he or they ever gave the notice in writing required by' the statute. It follows that the plea of adverse possession is insufficient unless appellant be right in his contention that the statute does not apply. In support of this position he relies upon the ruling in City of Franklin v. St. Mary's Roman Catholic Church, 188 Ky. 161, 221 S. W. 503, that the statute has no application to a state of case where the city or town owns the fee-simple title to the property in question, and insists that we must apply the same rule in this case because the town of Lewisport alleged in the petition that it was the owner of the ground lying between Front street and the river. It must not be overlooked, however, that the allegation of ownership must be construed in the light of the other averments contained in the petition. These averments make it clear that the town was not claiming to own the fee-simple title to the property in controversy.

On the contrary, they show that the title was vested in the trustees for the use and benefit of the inhabitants of the town. The attested copy of the original plat of the town filed with the petition shows the dedication, not only of Front and other streets, but of "the public ground and landing to low-water mark." In other words, the case is one where the land between Front street and the river was intended to be a common or public ground for the use of all the inhabitants of the town, and the right to this use was a mere easement falling within the terms of the statute.

In this connection it is suggested that when the street was abandoned the title to one-half of that portion lying in front of appellant's property reverted to him as the adjoining landowner. Whether this would have been the result if the street had been closed by appropriate proceedings, as was the case in Henderson Elevator Co. v. City of Henderson, 187 Ky. 453, 219 S. W. 809, 18 A. L. R. 983, we need not inquire. It is sufficient to say that a mere abandonment of the street, without taking the steps necessary to have the street closed, will not operate to vest the title to the land in the adjoining landowner.

The next question to be determined is the plea of estoppel. It appears from the answer that the board of trustees of the town of Lewisport enacted the following ordinance in the year 1917:

"The Board of Trustees of the Town of Lewisport, Kentucky, do ordain as follows:

"That property owners adjoining the Ohio river bank shall have the privilege of fencing and controlling the land under the river bank for 100 feet from top of bank, where it does not interfere with passage to and from the river. It is further ordained that it shall be unlawful for any person to dig and remove sand or gravel from under the bank within the corporate limits of the town, except from places that are more than 100 feet from top of bank.

"Any person violating this ordinance is subject to fine of five dollars and costs. Sept. 4, 1917."

It was pleaded that appellant's vendors took possession of the ground in controversy and expended much labor and large sums of money in taking care of and protecting the ground and the river front, and that the town was thereby estopped from asserting title to the land.

Section 3704, Kentucky Statutes, being a part of the charter of cities of the sixth class, is as follows:

> "The board of trustees of such town shall have power to pass ordinances not in conflict with the Constitution or laws of the commonwealth or of the United States, and to impose and collect license fees and taxes on stock used for breeding purposes and all franchises, trades, occupations and professions, and also to contract for supplying the town with water and light. To purchase, lease or receive such real estate and personal property as may be necessary and proper for municipal purposes and control, dispose of and convey the same for the benefit of the said town: Provided, that they shall not have the power to sell or convey any portion of any water front, but may rent such water front for a term of not exceeding twenty years except the wharf privileges which shall not be leased or rented for more than five years."

It will be seen that this statute prohibits the board of trustees from conveying any portion of the water front. Were we to hold that they could dispose of the water front by estoppel it would nullify the statute. In view of the statute, the most that can be said of the ordinance is that it conferred on those taking advantage of its terms a mere license, which the town could revoke at any time. Hence, when the board of trustees notified appellant to vacate the ground in controversy, his right of occupancy ceased. It follows that the court did not err in holding that the plea of estoppel was unavailing.

Lastly, it is argued that the court erred in sustaining the demurrer to the amended answer, as it put in issue the allegations of the petition and amended petition, thereby placing on the town the burden of showing title from the commonwealth. There was no denial of the filing and recording of the original map or plat of the town. Carefully considered, the denials contained in the amended answer are simply denials of the legal effect of the map or plat. It is settled in a long line of decisions by this court that when a town is established by public authority the streets, alleys and public grounds designated on the plat vest in the trustees for the use of the property holders, and cannot be diverted from that use, and the same rule prevails where the town is of private establishment. It is also the rule that, where the

plan of the town shows no line separating the town from the Ohio river, the inference is clear that it was intended to and did go to the river, and that any space between the streets and the water's edge that has not been sold or otherwise appropriated is presumedly dedicated to the public as a common for the public use. Trustees of Maysville v. Boon, 2 J. J. Marsh, 224; Giltner v. Trustees of Carrollton, 7 B. Mon. 680; City of Louisville v. Bank of United States, 3 B. Mon. 144; Rowan's Ex'rs v. Town of Portland, 8 B. Mon. 232; Faith v. City of Owensboro, 145 Ky. 276, 140 S. W. 312; City of Uniontown v. Berry, 24 Ky. Law Rep. 1692, 72 S. W. 295; Morrison v. Town of West Point, 219 Ky. 397, 292 S. W. 1095. Here the case is all the stronger, because the plat shows, as before stated, not only a dedication of the streets, but of "the public ground and landing to low-water mark." Such being the legal effect of the filing and recording of the plat, it follows that a mere denial of its legal effect was not sufficient to raise an issue of fact, and that the court did not err in sustaining the demurrer to the amended answer.

Judgment affirmed.