**CASSELL et al. v. REEVES.**

Court of Appeals of Kentucky.

March 5, 1954.

Draffen & Wickliffe, Harrodsburg, Delbert Eagle, Lancaster, for appellants.

Ray B. Murphy, Lexington, for appellee.

STANLEY, Commissioner.

The controversial question in this suit for a declaratory judgment is whether or not a certain lot was dedicated to the use of the owners of other lots, or the public, in the subdivision of a tract of land on Herrington Lake near Kennedy's bridge. The circuit court held it not to have been dedicated.

The appellee, William T. Reeves, was preparing to erect a house on the lot when opposition was raised by owners of other lots. The tract was platted in 1926 as "Daughters Park" for summer cottages and the plat was duly recorded. It shows five east and west avenues paralleling the lake shore and two north and south avenues. The lots were numbered consecutively from 1 to 102 inclusive. But an area the size of two lots in the tier on the shore at the south end of Spring View Avenue and one lot immediately back of it bounded on the west by that avenue were left without number. The two spaces were separated by Lake View Avenue, running east and west. This smaller lot is in controversy. For this record, it has been designated as lot (X) and the larger area or double lot on the shore as (A).

The deeds to many of the lots in the development sold by the original owner, A. M. Daughters, described them by their respective numbers. In 1946 Daughters' widow and heirs sold the remaining lots to E. V. Bryant. The description in the deed is of the boundary with the various numbered lots previously conveyed specifically excepted. An auction sale was had of 63 of these remaining lots by number in 1951. All of the boundary that was then left unsold, including lot (X), was conveyed to R. J. Wilson in 1952. Not long afterward, lot (X) was conveyed by Wilson to the appellee, Reeves.

It is not questioned that lot (A) was intended to be used for access to the lake. Throughout the years lot (X), on which there was a little spring, has been used by the public in connection with lot (A). Its use has been principally that of a parking area. All the evidence is to the effect that the original developer of the parcel, Daughters, intended that lot (X) should be retained for public use, and it is quite certain that public and private oral representations to that effect were made to purchasers of many of the lots, and that it has been so regarded, although the character and extent of its use have hardly been enough to establish a dedication upon that ground, which is analogous to a prescriptive right. 16 Am.Jur., Dedication, Sec. 49; 26 C.J.S., Dedication, § 18. The circuit court was of opinion that this testimony was irrelevant and that the case should be decided upon the interpretation of the plat alone. The admissibility of the parol evidence is a doubtful question. See 26 C.J.S., Dedication, § 46; Morris v. Avondale Heights Co., 218 Ky. 356, 291 S.W. 752. We need not resolve the question here.

■ It is a settled principle that when a map or plat of a subdivided tract of land is exhibited or recorded and conveyances are made of the lots by reference thereto, the plat becomes a part of the deeds, and the plan shown thereon is regarded as a unity. And, nothing else appearing, it is held that all the streets, alleys, parks or other open spaces delineated on such map or plat have been dedicated to the use of the purchasers of the lots and those claiming under them as well as of the public. They become appurtenances to the lots. It is presumed that all such places add value to all the lots embraced in the general plan and that the purchasers invest their money upon the faith of this assurance that such open spaces, particularly access ways, are not to be the private property of the seller. This rule is supported by our leading case of dedication, Rowan's Ex'rs v. Town of Portland, 47 Ky. 232, 8 B.Mon. 232, and many subsequent cases down to Schickli v. Keeling, 307 Ky. 210, 210 S.W.2d 780. See Annotation, 7 A.L.R. 2d 607.

■ It is not necessary that dedication to public use should be in writing or

in any particular form. It is enough that the intention at the time to dedicate appears and the subsequent public use completes the act of dedication. Central Land Co. v. Central City, 222 Ky. 103, 300 S.W. 362. Dedication by plat is a common method, and in its interpretation all doubts as to the intention of the owner are resolved most strongly against him. 16 Am.Jur., Dedication, Sec. 24. While it is generally held that merely leaving a blank on the plat without designation of its purpose does not of itself sufficiently indicate an intention to dedicate the space to public use, nevertheless, other circumstances and conditions may show such intention. 26 C.J.S., Dedication, § 23; 16 Am.Jur., Dedication, Secs. 16, 17, 24. Such special condition is leaving an unmarked space or strip between a street shown on the plat and a navigable river. Wood v. Town of Lewisport, 221 Ky. 566, 299 S.W. 197. And, generally, an open or vacant space may be held devoted to public use where from its position on and relation to the plat such appears to have been the intention of the owner. 16 Am.Jur., Dedication, Sec. 24; Rowan's Ex'rs v. Town of Portland, supra, 47 Ky. 232, 8 B.Mon. 232.

In Newport Pressed Brick & Stone Co. v. Plummer, 149 Ky. 534, 149 S.W. 905, in a subdivision of lots fronting on an avenue, a 50 foot space was left open in the tier of lots. It was held that this space was dedicated for the use of a 14 acre parcel lying back of the subdivided parcel. In Morris v. Avondale Heights Co., supra, 218 Ky. 356, 291 S.W. 752, where, in a platted subdivision of Paducah, two small irregularly shaped lots were marked "Reserve" and an open space of several acres was marked "Heights Park," the court reasoned the use of the words "Heights Park" showed a clear understanding of what was necessary to effect a dedication for park purposes, and the fact that "park" was not used in connection with the word "reserve," marked on the two small lots, indicated a different purpose; hence, they were not dedicated to the public use. The fact that the company which platted the tract and sold off the lots had paid taxes on these small lots throughout the years was also regarded as a factor since it was inconsistent with an intention to dedicate them to the public use. It is conceded that lot (A) was intended for public use. See as pertinent Wood v. Town of Lewisport, supra, 221 Ky. 566, 299 S.W. 197. So by a parity of reasoning, since lot (X) was shown in the identical way on the plat, it must be said that it carried the same indication of dedication.

We assemble facts in the case at bar which seem to us to require a decision that lot (X) was intended to be dedicated to public use. It was left blank and without number in the unbroken sequence of numbering all of the lots just as was the double lot lying between it and the water, which, as stated, it is conceded was dedicated. The identical condition appears on the map between lots 44 and 45 in the row bordering the lake and between lots 28 and 29 just back of it. This is significant. It indicates that it was intended to leave two areas of the same size and shape for convenient use of the lake shore. The character of the development and rugged terrain afford little or no weight to the fact of separation of the bordering lot and lot (X) by the so-called avenue, for it was probably believed that the public ways or avenues would never be paved or improved like might be reasonably anticipated in the platting of a town site or city subdivision. The development is and always has been a lakeside camp or group of summer cottages. We think it is of competent significance that when the adjacent and neighboring lots, which comprise the more desirable part of the development, were being sold and built upon, from the beginning down to the time the appellee bought the lot—covering a period of 26 years—lot (X) was always retained in connection with lot (A) and conveniently used therewith.

We are of opinion, therefore, that the judgment should have declared lot (X) to have been dedicated to the use of all owners of lots in the subdivision.

Judgment reversed.