CITY OF BOWLING GREEN, Kentucky,
et al., Appellants,

v.

BOARD OF EDUCATION OF BOWLING
GREEN, Kentucky, et al., Appellees.

Court of Appeals of Kentucky.

April 29, 1955.

G. D. Milliken, Jr., Basil W. Griffin, Bowling Green, for appellants.

E. R. Gregory, Bowling Green, for appellees.

CAMMACK, Judge.

The Bowling Green Board of Education, desiring to sell a school site it no longer planned to use for school purposes, brought suit against the heirs of Robert Moore to quiet its title to the property and to declare its right to sell and convey it to a private or commercial enterprise. The City of Bowling Green filed an intervening complaint, in which it alleged that title to the property was in the City. The lower court adjudged that the title was in the Board of Education. For the reasons hereinafter set forth, we think the chancellor's decision was correct.

The only recorded source of title to the property goes back to a plat filed by Robert Moore in the Warren County Court Clerk's office in 1812. This plat was filed as a part of a subdivision to the City of Bowl-

ing Green. All lots in the plat were given a separate number, with the exception of the lot now in question. The words "Public Square" were written on the plat in the center of this lot. The lot subsequently became known as "Old Lee's Square" and was used as a public square and recreation area by the general public until 1886. Clearly this constituted an acceptance of the lot by the City for use as a public square. Cassell v. Reeves, Ky., 265 S.W.2d 801. In 1886, the Board of Education erected a public school for Negro children on the lot. The City had previously (in 1882) purported to convey the lot to the Board of Education by an ordinance, which reads in part as follows:

> "* * * The Board of School Trustees having verbally recommended the selecting of the lot known as the 'Old Lee Square' for the location of the colored public school building, on motion it was agreed that the City being the owner of said lot shall convey to said Board of Trustees said lot or so much thereof as may be necessary for the above purpose."

Since 1886, the school for Negro children has been maintained on the property.

■■ The ordinance of 1882 was not a conveyance of the lot to the Board of Education. It was merely an indication of the City's intention to convey the property. Title to land cannot be conveyed by a mere intention to do so, even though such intention is evidenced by a city ordinance. See Morgan v. Big Woods Lumber Co., 198 Ky. 88, 249 S.W. 329. However, we are of the opinion that the City's action constituted an abandonment of the property and the subsequent use to which the lot was subjected was in violation of the dedication of the Robert Moore property.

■■ Where property dedicated to the public is abandoned or relinquished, the public's rights are terminated and the land by operation of law reverts to the dedicator. Halley v. Scott County Fiscal Court, 78 S.W. 149, 25 Ky.Law Rep. 1471; King County v. Hanson Inv. Co., 34 Wash.2d 112,

208 P.2d 113; Johnston v. Medina Imp. Club, 10 Wash.2d 44, 116 P.2d 272; In re Queens Blvd. in City of New York, 254 App.Div. 685, 3 N.Y.S.2d 535, affirmed in 278 N.Y. 721, 17 N.E.2d 140. Consequently, the reversionary interest held by the heirs of Robert Moore vested in them at the time the school building was erected. It is undisputed that since 1886 the Bowling Green Board of Education has had open, notorious and exclusive possession of the lot and buildings thereon and has used them for school purposes. Since the City had abandoned or relinquished its rights in the lot, the Board was holding it adversely to the heirs of Robert Moore. Obviously, the Board's possession of the property has been for a length of time sufficient for its adverse possession to ripen into full title. Having decided the case on this question, it is unnecessary to discuss the other theories advanced by the parties.

Judgment affirmed.