**CAVE CITY MASONIC LODGE #790 et al.,
Appellants,**

**v.**

**CAVERNA BOARD OF EDUCATION et al.,
Appellees.**

Court of Appeals of Kentucky.
March 7, 1975.

Richard L. Garnett, Garnett & Emberton, Glasgow, for appellants.

Joseph R. Huddleston, Bowling Green, for appellee Caverna Bd. of Ed.

Bobby Richardson, Glasgow, for appellee City of Cave City.

STERNBERG, Justice.

This declaratory judgment action raises the question of who has title to a certain four-acre tract of land located in Barren County, Kentucky, at the intersection of U. S. Highway 31–W and Kentucky Highway 70. Caverna claims title by reason of adverse possession and by reason of a deed from the Knob City Land Co. to Masonic Lodge #418 of Barren County, Kentucky, which deed is dated March 26, 1867, and of record in the office of the Barren County Court Clerk in Deed Book 5, page 324. Masonic Lodge #790 claims ownership by

reason of a deed dated October 13, 1972, from the Grand Lodge of Kentucky and of record in the Barren County Court Clerk's office in Book 193, at page 142. The City of Cave City predicates its right to use the property for the benefit of the community on the provisions of the Knob City Land Co. deed, supra. That deed provides;

"* * * for the use of said party of 2nd part, upon which to erect a building for the use of said Lodge and for the use of the Cave City Masonic Institute under their direction and for no other purposes except as a church, with this proviso, that if the Cave City Masonic Lodge No. 418 should forfeit their charter and cease to exist as a Lodge that then the above donated property shall then revert to the Trustees of said Institute for the benefit of the community in and around Cave City * * *."

The evidence for all of the parties to this action, which was submitted to the circuit judge and which is presented to this court, consists of one deposition, two affidavits, and certain exhibits which were filed in the record.

The use to which the subject property has been put, the cares and tribulations attending it, and the persons controlling its use are not only of historical significance but salient to the proper determination of the issues here presented. The court finds, chronologically, they are:

1867 Deed from Knob City Land Co. to Masonic Lodge #418, supra.

1867 Masonic Lodge #418 built a two-story building, the first floor being utilized for school purposes and the second floor being utilized by the lodge for lodge meetings.

1870 The building burned and, shortly thereafter, was rebuilt.

1888 The building burned again.

1888 Masonic Lodge #418 surrendered its charter to the Grand Lodge of Kentucky and ceased to exist.

1888 The school building was taken over and operated by the Cave City Indepndent School District in its school program.

1922 More school buildings were erected by the Cave City Independent School District.

1948 The Cave City Board of Education conveyed the subject property to the City of Cave City for the purpose of securing the issuance of revenue bonds, in keeping with KRS, Chapter 162.

1948 Revenue bonds issued in the sum of $15,000 and "Contract, Lease and Option" executed, which was recorded September 23, 1948.

1950 The Horse Cave Independent School District and the Cave City Independent School District merged into the "Caverna Independent School District", appellee.

1954 Revenue bonds paid in full.

1957 Caverna built new high school building and used old buildings for elementary school.

1972 Caverna sold part of the subject property and used funds in school program.

1972 The Grand Lodge of Kentucky conveyed to Masonic Lodge #790 all of its right, claim, title and interest in and to the subject property.

Upon the surrender of the charter by Masonic Lodge #418 to the Grand Lodge of Kentucky, it would also have surrendered to the Grand Lodge all of its right, claim, title and interest in and to the subject premises. The deed to Masonic Lodge #418 was entailed with a use privilege that did not terminate upon the surrender of the lodge's charter. The use of the premises for school purposes in the event of such an incident was provided for in its deed from Knob City Land Co. Subse-

quently, the property was used for school purposes.

Masonic Lodge #418 surrendered its charter in 1888 and the new lodge, Masonic Lodge #790, was not established until 1972. There is nothing in the record to indicate that during this period of time, or at any time subsequent to 1888, the Grand Lodge of Kentucky, or any of the former members of the demised chapter, made any effort to supervise, control or make use of or claim ownership to the premises.

In view of the opinion of the court, as hereinafter set out, it will not be necessary to determine what title, if any, to the subject property passed from Masonic Lodge #418 to the Grand Lodge of Kentucky and thence from the Grand Lodge to its subordinate, Masonic Lodge #790.

■ The City of Cave City is in the unusual position of having recognized the unencumbered ownership of the subject property to be in Caverna's predecessors, and it now seeks to have appellant declared to be the owner, subject to its right to use the premises for community purposes. The deed between the City of Cave City and the Board of Education dated September 22, 1948, is of record in the office of the County Court Clerk of Barren County, Kentucky, in Book 123, at page 168.

The Board of Education claims title by reason of a deed "from the Knob City Land Company, dated March 26, 1867, and recorded in said office in Deed Book 5 at page 324. Title is vested in the party of the first part under the above mentioned deeds and by operation of law." The deed of September 22, 1948, further represents, "The party of the first part further covenants that it is lawfully seized of the estate hereby conveyed, has full right and power to convey the same * * *." In the "Contract, Lease and Option", supra, ownership was reiterated in the same language as in the deed between these parties. In the contract the city agreed that if the bonded indebtedness was paid according to

the contract, it "will convey said property to this Board free of all liens and encumbrances, * * *." The indebtedness was fully paid strictly in accordance with the terms of the contract, and the city now refuses to convey the property to Caverna.

Caverna and its predecessors, at least from 1922 through 1972, occupied and used the premises for elementary and high school instruction and for a school athletic program. In addition, they manifested their ownership by carrying insurance on the improvements, executing a deed to the City of Cave City in 1954 to secure the aforementioned revenue bonds, and in December 1972 selling and conveying, without protest of anyone, a portion of the property and using the proceeds for their school purposes.

In City of Bowling Green v. Board of Education of Bowling Green, Ky., 278 S.W.2d 726, we considered a situation similar to the case at bar. In disposing of it, we said: .

"* * * Consequently, the reversionary interest held by the heirs of Robert Moore vested in them at the time the school building was erected. It is undisputed that since 1886 the Bowling Green Board of Education has had open, notorious and exclusive possession of the lot and buildings thereon and has used them for school purposes. Since the City had abandoned or relinquished its rights in the lot, the Board was holding it adversely to the heirs of Robert Moore. Obviously, the Board's possession of the property has been for a length of time sufficient for its adverse possession to ripen into full title. * * *."

The City of Cave City, in an effort to acquire the privilege of using the property for community purposes, failed to reconvey the property to Caverna. The deed to the city, with the contract, lease and option, executed by the Board of Education was merely for the purpose of complying with the statutory provisions relating to the issuance of revenue bonds. In Ranier v. Board of Education of Prestonsburg Independent School District, Ky., 273 S.W.2d 577, this court had occasion to consider a similar situation that existed between the City of Prestonsburg and the Independent School District. In speaking on this matter, we said:

"We are in agreement with the lower court in its conclusion that the City of Prestonsburg is required to cooperate with the independent district in the issuance and sale of the bonds. The City of Prestonsburg is merely a conduit through which the board of education acts to have the bonds issued and sold. The city has no discretion in the matter and it was properly required to lend its cooperation to the agreement proposed by the board of the independent district. * * *"

■ This court finds that the subject property had been abandoned by Masonic Lodge #418 and that it has been continuously used for school purposes by Caverna and its immediate predecessors in office since 1922 under open, notorious adverse claim of ownership, which has ripened into a fee simple title. The city held said property for the school district and, the revenue bonds having been fully paid, it should immediately reconvey the property to the school board.

The findings of fact, conclusions of law, opinion and judgment of the circuit court being in accord with this opinion, the lower court is affirmed.

All concur.