## Hurst, et al. v. Swango.

(Decided May 31, 1911.)

### Appeal from Breathitt Circuit Court.

Trespass—Alleyway in a City—Removing Fence Therefrom—Possession—Rights Acquired Thereby—In an action for trespass in tearing down certain planks enclosing a strip of ground in the city of Jackson in which an injunction was prayed, the answer denied plaintiff's title or possession of the enclosed ground, and claimed that he was entitled to an alleyway by possession over said strip of ground. Held, one can not acquire title by possession to an alleyway in a city that has been dedicated to the city, unless he has closed and held possession thereof adversely to the city for 15 years prior to the action; and after written notice to the city that it would be adversely held.

KELLY KASH for appellants.

McGUIRE & McGUIRE for appellee.

OPINION OF THE COURT BY JUDGE SETTLE—Affirming.

Appellants sued appellee in the court below for $15 damages alleged to have resulted to them from an act of trespass committed by him in tearing down certain planks or boards enclosing a strip of ground in the city of Jackson, of which they claim to be the owners.

It was alleged in the petition that appellee was threatening to commit and, unless prevented by the court, would commit other acts of trespass by again removing the planks of the inclosure in question if replaced by appellants, on which ground an injunction was asked to restrain such further acts of alleged trespass.

Appellee's answer denied appellants' title to and possession of the parcel of ground enclosed by them, but admitted the removal of the planks; denying, however, that his act in so doing was a trespass. It was alleged following this denial, that the parcel of ground in question is an alley ten feet in width lying west of and extending the length of appellant's residence lot, and that it also lies in the rear of appellee's lot and separates it from that of appellant's; that this alley was laid off and established by the former owner of the two lots and other adjacent ground for the use of purchasers of lots abutting it, and also for the use of the public; that such former owner after laying off and establishing the alley dedicated it to the city of Jackson which duly accepted the same and thereby became the owner thereof; and that appellants, only a few months before the institution of the action wrongfully closed the end of the alley at its intersection with Elm street by placing across it the planks removed by appellee.

The answer contained the further averment that appellee required, and was entitled to, the use of the alley in going to and from the rear of his lot; for which reason he, without injury to the planks, removed them and this act constituted the alleged trespass of which appellants complain.

Appellants' reply controverted much of the affirmative matter of the answer, but failed to deny its averments as to the dedication of the alley to the city of Jackson by the former owner of his and appellants' lots, and the city's acceptance of it.

It view of this omitted denial, the dedication of the alley and its acceptance by the city of Jackson must be

taken as confessed by the reply; therefore, the only question remaining to be determined is that of appellants' claim of adverse possession alleged in the petition to have continued for fifteen years before the institution of the action.

It appears from the record that one J. Wise Hagin at one time owned a considerable plot of ground in the city of Jackson which included the lots of appellants and appellee; and that in 1894 Hagin sold and conveyed to appellants the lot of ground upon which they now reside. In the deed the lot is described as beginning at Alfred Allen's corner on Elm street; thence S. 50 1-2 W. 40 feet with the line of Elm street to a stake; thence S. 34 1-2 E. 160 feet to James Hargis' line; thence with Hargis' line N. 55 E. 44 feet to a stake; thence N. 34 1-2 W. 160 feet to the beginning. The alley in controversy lies on the west side of appellants' lot and extends from Elm street with the line of the lot 160 feet. Across the alley from appellants' lot lie the lots of appellee and S. S. Taulbee. Previous to the sale and conveyance of appellants' lot by Hagin he laid off the plot of ground of which it was a part into lots, streets and alleys, and while at the time of the execution of the deed to appellants the alley was not fenced on either side, appellants, according to the evidence, knew that it had been located along their west line, that it would be ten feet in width; that Hagin had dedicated it to the city and the dedication accepted by the city; and that it would be left open as an alley when the lots on the opposite side thereof were sold by Hagin. Shortly after the purchase by appellants of their lot they erected a fence on the west line thereof. Some years later Hagin sold to appellee's vendor the lot now owned by the former. The deed made by Hagin to the purchaser of appellee's lot called to run to the ten foot alley on the west side of appellants' lot, about the same time the lot now owned by Taulbee was sold and conveyed by Hagin to Taulbee's vendor; that deed also called to run to the ten foot alley in question and the rear ends of these lots were enclosed by a fence separating them from the alley. The fence separating appellants' lot from the ten foot alley is in part still standing and the fences separating appellee's and Taulbee's lot from the alley yet remain.

It is not claimed by appellants that any part of the alley is embraced by the boundary of their lot contained in the deed made them by Hagin. Their only claim to the alley rests, therefore, upon their alleged possession of it, and we find from the evidence that this possession has not continued for the statutory period necessary to give them a right to the alley. It is true that they and two of their relations testified that they had made some claim of ownership of the alley running back for quite a number of years, but none of this testimony shows any actual possession exclusive of the owners of the lots on the opposite side of the alley, or of the public.

It is likewise true that four or five years before the institution of the action appellants built a privy upon the alley near the west line of their lot, which is still standing; and that they in 1910 attempted to close the .mouth of the alley by placing across it planks near its intersection with Elm street, which were the planks appellee is charged with having removed for the purpose of obtaining access to the rear of his lot but the possession thus shown by appellants is not sufficient to establish their right to close the alley. It has not been continuous for as much as fifteen years, nor can it be said to have been at any time adverse as to the city of Jackson, appellee, or the public, unless appellants' act of closing the alley in 1910 manifested an adverse holding thereof, which was brief.

As the dedication of the alley to the city and its acceptance thereof is admitted by appellants' reply, in order to rely upon the statute as against the city of Jackson, appellee or the public, appellants must have given notice, in writing, to the proper authorities of the city of their claim or alleged right to the possession of the alley, or that they were about to take possession of it, and that such possession would be adverse to the right of the city thereto, and such notice must have been followed by their continuous, actual and adverse possession of the alley for the statutory period of fifteen years. Kentucky Statutes, section 2546. It is not claimed or shown that such notice was given the city authorities.

The evidence conduces to show that appellee and Taulbee, as well as others, have had and enjoyed the use of the alley uninterruptedly since its establishment

until the entrance to it was obstructed by appellants near Elm street in 1910, and that they and the public generally now have the same right to the use of the alley that may be enjoyed by appellants.

In our opinion the circuit court did not err in refusing the injunction asked by appellants, or in dismissing their action.

The judgment is, therefore, affirmed.