## Moody-Mitchell Lumber & Building Company v. City of Louisville.

(Decided March 17, 1916.)

### Appeal from Jefferson Circuit Court (Chancery Division, No. 3).

1. **Pleading—When Insufficient on Demurrer—Adverse Possession.—** A pleading asserting possessory title to a tract of land, which title is wholly dependent upon the adverse holding of the plaintiff's grantors, and which also refers to certain deeds of the plaintiff's grantors to adjoining tracts of land, the calls and recitals in which negative the idea that the grantors held the disputed tract adversely, and which recognize the disputed tract as an alley of a city, is insufficient on demurrer.

2. **Pleading—Variance.—** Where the allegations of a pleading and the recitals in an exhibit filed therewith are at variance, the latter must control.

KINNEY & THOMAS and EDWARD J. McDERMOTT for appellant.

W. J. O'CONNOR and PENDLETON BECKLEY for appellee.

OPINION OF THE COURT BY JUDGE TURNER—Affirming.

This is an action by appellant to quiet title to a tract of land in the city of Louisville twenty feet wide and one hundred and seventy feet and eight inches long, to which it claims the possessory title only.

The petition first alleges that the plaintiff is the owner by record title of two tracts of land in the city of Louisville, one on each side of the twenty foot tract in controversy; the two tracts are described in the petition by metes and bounds, and the calls in the first described tract show that it binds upon a twenty-foot alley running from Broadway towards Magazine street, and that the property described is the same conveyed in a deed, dated September 5th, 1908, and recorded in the

Jefferson county court clerk's office. The description of the second named lot, to which the plaintiff claims record title, calls for this same twenty-foot alley, and is alleged to be the tract of land conveyed by deed, dated April 14th, 1877, and a part of a tract conveyed January 1st, 1889, both of which deeds are recorded in the county court clerk's office.

The plaintiff then proceeds to describe the twenty-foot tract of land in controversy, to which it claims title by possession, and which lies directly between the two first described tracts of land to which it asserts title under the deeds above referred to. In other words, the twenty-foot strip of land, to which the plaintiff asserts possessory title, is the twenty-foot alley referred to and called for in the description in the deeds to both of the tracts of land to which the plaintiff asserts record title as aforesaid.

It is alleged that the plaintiff and those through whom it claims have been in the actual adverse possession of the said twenty-foot strip of land, claiming to be the owners thereof against all the world for more than sixty years last past, and for more than fifteen years prior to the month of December, 1873, and that the same during all that time was enclosed with the first two described pieces of real estate and used by the plaintiff and its predecessors in title as a lumber yard, and has been so used for at least sixty years.

The circuit court sustained a demurrer to this petition, and the correctness of that ruling is the only question involved.

Section 2546 of the Kentucky Statutes is an act passed in December, 1873, and provides in substance that before the holding or possession of a street or alley shall be deemed adverse that the party in possession must give written notice to the municipal authorities that such holding by him is adverse, and in the absence of such written notice his holding will be deemed amicable; and for this reason the plaintiff has alleged that its remote predecessors in title had acquired the possessory title to this strip of land before that statute became effective, there being no claim that the notice required by section 2546 has ever been given.

The plaintiff's title is wholly dependent upon the alleged adverse holding of its grantors; the one vital allegation in its petition is that its predecessors in title had acquired the title to the strip of land in question

by adverse holding, and yet in its petition it asserts the record title to two tracts of land on either side of the disputed tract, giving the calls and recitals in the deeds under and through which it claims, each of which refers to the disputed tract as ''an alley,'' thereby not only distinctly negativing the idea that the grantors held the same adversely, but expressly recognizing the disputed tract as an alley of the city of Louisville. Clearly the allegation in the petition that the plaintiff's grantors held the disputed tract adversely must give way before these recitals in their deeds, which show conclusively that they did not so hold it.

To say that your grantors held a certain tract of land adversely, and at the same time to refer to his deed which shows that he did not, is to effectually destroy the allegation.

There is no better recognized rule of pleading in this state than that where the allegations of a pleading and the recitals in an exhibit filed therewith are at variance the latter must control. Covington Gas Light Company v. City of Covington, 31 K. L. R., 124, and authorities there cited.

It is not necessary to consider in this case the question of estoppel raised, as the pleading as a whole shows that the holding of plaintiff's grantors was not adverse.

Judgment affirmed.