## Trustees of Calhoun Baptist Church of Calhoun, Ky., v. Spicer.

(Decided Oct. 4, 1935.)

L. P. TANNER for appellants.

J. H. THOMAS for appellee.

OPINION OF THE COURT BY JUDGE THOMAS—Affirming.

W. A. Hayden, H. M. Shackelford, and Karl Kerrick, as trustees of the Calhoun Baptist Church of Calhoun, Ky., filed this equity action in the McLean circuit court against defendant and appellee, W. W. Spicer, and in their petition, after averring their official capacities, they alleged that the church of which they were trustees owned a lot in Calhoun, Ky., on the west side of Ferry street upon which the church building was erected, and that defendant owned a residence lot adjoining the church property on the south; that from the time the memory of man runneth not to the contrary there had existed by prescriptive acquisition an alley 15 feet wide immediately south of and contiguous to the church lot and which the public had used and appropriated for some 60 years or more, and that it thereby became and was one of the public ways of the city of Calhoun; that defendant had wrongfully and unlawfully obstructed the passway in a manner to deprive the public of the use of it, and especially the members of the church congregation, and plaintiffs prayed for a judgment against defendant for $200 damages, and for permanent injunctions requiring him to remove such obstructions and restraining him from continuing to erect them in the future. It was not averred in the petition that the alleged passway was on any part of the church lot, nor did plaintiffs in their petition seek to recover the title to any portion of the alleged alley. The only relief they sought was to have it determined that there was such an alley which had become, in the manner stated, a public one, and then to obtain such necessary orders as the exigencies of the case required to insure its unobstruction by defendant. The latter denied the material averments of the petition in which such wrongful acts were made against him, and in another paragraph pleaded that he and those under whom he claimed had been in the adverse, open, notorious, and continuous possession of the ground covered by the alleged alley for more than 60 years, and that plaintiffs' cause of action, even if they ever possessed any, was barred by limitations. Such affirmative allegations were denied

of record, and after proof taken, the cause was submitted to the court, when it rendered judgment dismissing the petition, to reverse which plaintiffs prosecute this appeal.

Following the position assumed in the petition, plaintiffs offered no proof claiming title to any portion of the alleged alley; but they did attempt to prove that for more than 60 years prior to 1919 (when defendant, after having acquired his lot, committed the alleged obstructing acts by setting out a hedge on the line between him and the Baptist Church lot, and which was 2 or 3 feet south of the first frame church that the congregation erected following the obtention of its lot in 1870), the public had acquired by prescriptive use the right to the passway. It later purchased adjoining ground on the north of its lot, and which included a 10-foot alley appearing upon the plat of ground embracing all the lots in the square, and which plat was more or less ancient and was made at the time the division of the estate of an old citizen named Calhoun was made amongst his devisees. That platted alley was immediately across the street from another one intersecting the block just east of Ferry street, and was no doubt intended as a continuation of the alley in that block. However, it was never opened, and the new brick church of the Baptist congregation, which was built some time about 1907 or 1908, possibly extended into that platted alley. The south wall of that new building was also moved further north from the line separating the original Baptist Church lot from the one now owned by defendant.

The testimony adduced by plaintiffs to establish the acquisition of the alleged prescriptive public right in and to the alley, which they claim defendant has obstructed, was and is not only weak, but extremely shadowy and nonconvincing. Ferry street runs north and south and the Baptist Church fronts on it somewhere near the middle of the square, and which is bounded on the north by Fourth street, on the south by Third street, and on the west by Branch street, the latter practically paralleling Ferry street. The plat referred to contained lots facing Fourth street and running back to the north line of defendant's lot, which is 88 1/3 feet wide north and south, and extending west clear across the block from Ferry street to Branch

street, the south line of which is Third street. Before the plat was made practically all of the block was commons, and at one time for a considerable while there was a school taught on some portion of the block west of the Baptist Church lot, and perhaps that continued after the plat referred to was made. Some of plaintiffs' testimony showed that school children played upon that portion of the ground which they now claim is covered by the wrongfully obstructed alley, and which, no doubt, was also true as to considerable portions of the entire square. Perhaps, also, supplies for the school were hauled over portions of the vacant land, and after the ground was platted, some of the owners of lots facing Fourth street, and whose lots ran back to defendant's north line, constructed outbuildings at the rear of their lots and would sometimes, in going to and from them (such as coalhouses, woodsheds and one icehouse), enter the square from Ferry street at or about the point which is now claimed to be the mouth of the obstructed alley, and continue to the buildings at the rear of their lots; but no one claims that the alleged alley extended entirely through the square, or block, to Branch street on the west, since there was a ravine on the west edge of the square and also a considerable bluff that obstructed travel, except possibly by pedestrians.

Some of the witnesses testified that any member of the public who saw proper passed over the ground in the manner indicated without let or hindrance, but general use of the cul de sac, as we have described it (considering the alleged alley as inclosed), by the members of the public generally was not shown by the proof, since it was directed almost exclusively to the use of the alleged alley by the owners of lots fronting on Fourth street and by members of the Baptist Church in going to and from the rear of the church building. The contention made in the petition is also sought to be supported by a witness or two testifying that some remote owner of defendant's lot erected a fence south of the alleged alley, but none of them told that the fence was at any line of the claimed alley, but only on the lot owned by defendant—and the purpose of erecting those fences was later shown to be inclosures of a hogpen that the then owner of defendant's lot built on its rear, and that such fence, when it was constructed, and as long as it existed, was never intended to inclose any

alley. A picture of the first frame church building was introduced and made a part of the record and has been brought here. It was made more than 35 years ago, according to the proof, and it shows a picket fence in front of the. church and along the south line of the church lot, but no sort of an alley is shown just south of that fence, nor does it reveal any entrance into the alley from Ferry street into which it is supposed to have opened. On the contrary, the photograph shows a wire fence along the west edge of Ferry street inclosing defendant's lot.

We are cited to a number of cases from this court upholding the acquisition of easement (or passway) rights over the lands of another by prescription, and which may be acquired by individuals for their use and benefit, or by the public, when the facts are such as to entitle the claimant to them. It could serve no useful purpose to cite those cases, since they declare principles that are well established, and that no one disputes. They are admitted by counsel for defendant, and which he would be compelled to do, even if he were inclined otherwise. But litigation is not determined by the law alone. The facts of the litigant's cause must always be such as to fit the existing law—an extreme illustration of which is, that the cases and principles of law relied on by plaintiffs' counsel would be of no service on an issue of non est factum in an action based on a promissory note. The acquisition of all prescriptive easement rights, when fully completed under the law, is based upon the presumption that the notorious continuous use of the easement, in such manner for the proper length of time under a claim of right, was agreed to by the owner of the servient estate, and that it will be conclusively presumed that the right had its original inception in a grant.

But for such owner to lose the absolute control of his estate, and to thus encumber it with an easement right, something more should occur or happen than occasional and sporadic passage over his land for the purpose of temporary convenience, or emergency use, which is the extent of the use described by most of plaintiffs' proof in this case. In other words, we presume that the court found, and we now find, that such proven use fell far short of the character and kind necessary to create such encumbrances.

But, even if we were mistaken in our interpretation of plaintiffs' proof, the judgment of the court was fully authorized by the proof introduced by defendant. He proved by aged witnesses, who have been familiar with the premises for 50 or more years, that there never was an alley at the place contended for by plaintiffs in their petition. On the contrary, they testified that what little use of the space that was made was across open land and exclusively of the nature and kind hereinbefore described, and was chiefly by owners of lots fronting on Fourth street with their rear lines abutting on the alleged alley. Witnesses so testifying show an undisputed familiarity with the surroundings and conditions covering the period during which plaintiffs claim the alley was acquired. They are chiefly former owners of involved lots, and their testimony is most convincing that no prescriptive right to the alley has ever been acquired by either the city or any lot owner abutting upon it.

Furthermore, even if it were otherwise, and the testimony supported the alleged prescriptive right to the alley by abutting property owners (which includes the Baptist Church of which plaintiffs are trustees), then the proof in the cause, without contradiction, shows that such acquired prescriptive right has become lost by adverse occupancy of the passway by defendant and his predecessors in title. We have seen that the public never acquired any prescriptive right to the alley as a public passway, and if any adverse rights were ever acquired therein, it was only by individuals who used the passway for their use and benefit. The alley has undisputably been obstructed in the manner complained of in the petition for much more than 15 years before the filing of this action and plaintiffs' right to reopen it has thus become barred by our statute of limitations (Ky. Stats., sec. 2505).

Plaintiffs, however, seek to avoid the bar by relying on the provisions of section 2546 of Carroll's Kentucky Statutes, which is one of long standing, and which enacts that the limitations provided for in such actions (15 years) "shall not begin to run in respect to actions by any town or city for the recovery of any street, alley, or other public easement, or any part of either * * * until the trustees, or the council or the corporation, * * * have been notified in writing by the party in pos-

session * * * to the effect that such possession will be adverse to the right or title of such town or city." It further provides that, until such notice shall be given, the possession of any adverse claimant shall be deemed amicable, and that the limitations provided for in other portions of the act shall not begin to run. Inasmuch as no notice was given by defendant or his vendors (remote or immediate), it is insisted that defendant's reliance on the statute of limitations is unavailable under that statute, and we are cited to the cases of Hurst v. Swango, 144 Ky. 22, 137 S. W. 794; Moody-Mitchell Lumber & Building Co. v. City of Louisville, 169 Ky. 237, 183 S. W. 481, and Faith v. City of Owensboro, 145 Ky. 276, 140 S. W. 312, as supporting that contention. But those cases (except the first one) and all others that we have examined dealing with the same question, were actions in which the rights of the city as a municipal corporation were involved, and in which it was one of the litigants in the action.

The relied on section of the statute postpones the commencement of the limitation period only "in respect to actions by any town or city for the recovery of any street, alley, or other public easement," etc. There is no intimation that it was intended to apply for the benefit of a private individual who attempts to assert any privately acquired right, title, or interest in any such passway. It would, therefore, seem to be the correct construction that no litigant has the right to rely upon the provisions of the cited statute in this character of action, except a municipality in an action wherein its right to the easement as a public way is contested. But we said that the first-cited case supra (Hurst v. Swango) was one between private individuals alone, and a reference is made in the opinion to that section. However, the invoking of it was not necessary to the determination of the case upon its developed facts, and the reference that was made stated only that it constituted an avoidance of the plea of limitations "as against the city of Jackson."

If, however, it should be conceded that such interpretation of it is not authorized, and if it should be further conceded that plaintiffs' proof was more convincing than it is, still, as we have seen, the testimony introduced by defendant amply sustains the finding of the chancellor that no such prescriptive right as is at-

tempted to be asserted by the petition was ever acquired, either by the public or by any individual whose property abutted upon it, or otherwise.

Wherefore, the judgment is affirmed.