## Smith et al. v. Price.

March 7, 1950.

E. B. Beatty, Judge.

V. S. Beatty and D. C. Howell for appellant.

E. B. Rose for appellee.

JUDGE KNIGHT—Affirming in part, reversing in part.

This suit was brought in equity by appellee against George T. Smith and Francis S. Smith, appellants, asking that they be enjoined from maintaining a gate across a roadway; that they be required to remove said gate therefrom; that they be enjoined from obstructing said road or in anywise interfering with the use of said roadway by appellee, his family, his visitors, his tenants and employees. The roadway in question passes through part of the land of appellant, George T. Smith, and appellee claims the right to use said roadway from his home to State Highway No. 11 by prescriptive right.

The right of appellee to use said roadway was put in issue by appellant's answer which denied appellee's right to the road by prescriptive use and by affirmative allegations that appellee's use of the roadway was gratuitous and permissive only and that he had no notice or knowledge that appellee was making any adverse claim to the passway until two years ago. A reply made up the issues.

On motion of appellants the case was transferred to the ordinary side of the docket and the issue, as to whether or not appellee and the public generally had used the said roadway continuously and as a matter of right for more than fifteen years, was submitted to the jury under two instructions not complained of. The jury brought in a verdict for the plaintiff thus deciding by its verdict that appellee had established its prescriptive right to the use of said roadway across appellant's land. That was the only question submitted to the jury and the only question decided by it. We have read and carefully considered the evidence on this phase of the question and without detailing it we are of the opinion that the verdict of the jury is sustained by the evidence which shows use of the passway by appellee for more than 15 years and that it was not merely permissive use.

However, the judgment of the court goes beyond the verdict of the jury, which merely determined the right of appellee to the use of the roadway. It perpetually enjoined appellants from maintaining a gate across the roadway in controversy where it intersects State Highway No. 11 and required appellants to remove the gate which had been erected at that point of intersection by them. Although it is not clearly shown in the record, we will treat the reference to the jury on the issue of fact, which they decided, as an issue out of chancery, and, then, that the Chancellor again took over the case and, as such, issued the injunction requiring appellants to remove the outside gate and enjoining them from maintaining such gate in the future.

We do not believe the evidence justified the judgment of the Chancellor on this phase of the case. The tract belonging to appellant, through which that part of the passway in controversy runs, extends from State Highway No. 11 westwardly a distance of about 1200 feet to appellee's property line and contains about 80

acres. For many years there has been a fence on each side of the old passway from the highway to a point where a tenant house stands at the top of a hill about midway between the highway and appellee's property. At the western end of this fence at the top of the hill there has always been a gate through which appellee has had to pass on his way to the highway. The fence was deteriorating and appellant decided to take it down. The effect of this was to throw his 80 acre tract, which had been partly divided by these fences, into one tract. By doing this his cattle and livestock had free run of the 80 acres with free access from the pasture to the barn and water. When the fence was removed, the gate at the top of the hill was made unnecessary and was removed. However, removal of the fences and the removal of the gate at the top of the hill made necessary the erection of a gate at the entrance to the highway in order that appellant's livestock could be confined to his pasture lands and not get out into the highway. As we see it, this is simply the change in the location of a gate from the top of the hill where it was no longer needed to the highway where it was badly needed if appellant was to have full enjoyment and use of his property. We fail to see where appellee is injured by change in the location of this gate from the hilltop to the highway entrance. Certainly his right to use the passway is not obstructed any more than before the change was made. Appellant testified that he has no objection to appellee's use of the passway from his home to the highway and that the gate was erected at the highway to enable appellant to use his property.

Appellant as the owner of the property in fee is entitled to use it in a lawful manner, as in this case, to pasture his livestock. But in doing this as the owner of the servient estate, he cannot destroy or unduly obstruct the rights of the dominant estate created by the easement over his property. The servient owner must permit the free and unrestricted use of the passway by the owner of the dominant estate while the latter must use his rights so as to be as little burdensome as possible to the servient estate. Sandman v. Highland, 312 Ky. 128, 226 S. W. 2d 766, and cases therein cited. We have held that the owner of a servient estate may erect gates across a passway provided they are so located or constructed as not to unreasonably interfere with the right

of passage, unless it is expressly stipulated that the passway shall be an open one or it appears from the terms of the grant or circumstances of the case that such was the intention of the parties. Mann v. Phelps, 269 Ky. 493, 107 S. W. 2d 288. The easement in the present case did not arise from an express grant but by prescriptive right and we do not think the circumstances of this case are such as to preclude the change in the location of the gate from its former location to the present one at the entrance to the highway. It would be inequitable to deprive appellant of the full use of his property when appellee, who the proof shows is the only person served by the passway, is not deprived of any of his rights to its use and at most would be inconvenienced, as he claims.

So much of the judgment as holds that appellee has the right to the use of the passway from his home to State Highway No. 11 is affirmed. So much of the judgment as enjoins appellant from maintaining a gate at the intersection of said Highway and requiring removal of said gate is reversed with directions to enter one in accordance herewith.