### SKAGGS v. SKAGGS.

Court of Appeals of Kentucky.

May 8, 1953.

Gardner & Gardner, West Liberty, for appellant.

Nickell & Walter, West Liberty, for appellee.

WADDILL, Commissioner.

The appellant, Walter Skaggs, filed this action to enjoin the appellee, Jerry Skaggs, from using a passway the former had acquired by condemnation over the latter's land and for damages for trespass thereon. The court sustained a general demurrer to the petition as amended and upon appellant's declining to plead further, dismissed the petition.

Appellant contends that appellee has no right to use the passway without compensating him. In support of his contention he relies upon KRS 381.630, which provides:

"Nothing in KRS 381.580 to 381.620 shall operate to give any person, firm or corporation exclusive use of the passage, but any other person, firm or corporation may use the passage upon paying proper compensation therefor. If no agreement can be made for such compensation, then the right to such use may be condemned as provided in KRS 381.580 to 381.620."

 The fallacy of appellant's contention is that the statute does not apply to the owner of the fee in the land condemned.

In Smith v. Price, 312 Ky. 474, 227 S.W. 2d 981, 983, which was decided subsequent to the enactment of KRS 381.630, this Court in considering a similar question to the one now presented, said:

"Appellant as the owner of the property in fee is entitled to use it in a lawful manner, as in this case, to pasture his livestock. But in doing this

as the owner of the servient estate, he cannot destroy or unduly obstruct the rights of the dominant estate created by the easement over his property. The servient owner must permit the free and unrestricted use of the passway by the owner of the dominant estate while the latter must use his rights so as to be as little burdensome as possible to the servient estate. Sandman v. Highland, 312 Ky. 128, 226 S.W.2d 766, * * *."

■■ We are of the opinion that when the passway is not in use by appellant, appellee is entitled to make any reasonable use of it without compensating appellant, but appellee should not do damage to it. The petition, insofar as damages are attempted to be plead, is insufficient, as it sets forth conclusions and not facts.

Thus it follows that the court correctly sustained the demurrer to the petition.

Judgment affirmed.