Willard WYNN, et al., Appellants,

v.

Alex POWELL, Appellee.

Court of Appeals of Kentucky.

Jan. 20, 1956.

MOREMEN, Judge.

Willard Wynn owns a farm in Rockcastle County which fronts on the Copper Mill Road. Back of and adjoining this farm, Alex Powell, the appellee, owns a farm. He claims a right to reach the Copper Mill Road by an alleged passway over the land of Wynn.

Appellee claimed that the right to use the passway had arisen by prescription and introduced 19 witnesses, including himself, most of whom lived in the neighborhood. They testified that the passway had been used by the public for a great number of years—some stating the use had been continuous for a period of 60 or 70 years.

The trial court found the appellee had the right to the use of the passway, and we have concluded that the judgment is sustained by the overwhelming weight of the evidence.

In their brief, the appellants do not contest the part of the judgment decreeing that a passway had arisen by prescription or the right of the appellee to use the same, but the appellants do seriously ·question that part perpetually enjoining them from erecting gates across it.

Since the existence of the passway is not contested, we have only to determine whether the use over the statutory period, from which the prescriptive right arose, was permissive to the extent that the servient owner (appellants) retained the right to maintain gates across it. Trustees of Calhoun Baptist Church of Calhoun, Ky. v. Spicer, 260 Ky. 562, 86 S.W.2d 318; Mann v. Phelps, 269 Ky. 493, 107 S.W.2d 288.

We find on a review of the record that at least 11 of the 19 witnesses to testify for the appellee admitted, on cross-examination, that there had been maintained gates, drawbars, gaps, or bars across the passway on appellants' farm during the period they had known the passway to be in existence, which, in some cases, as above mentioned, was as long as 60 to 70 years. While this evidence was elicited in order to

Fritz Krueger, Russell Jones, Somerset, for appellants.

Thomas Shumate, Richmond, James Lambert, Mt. Vernon, for appellee.

show the use of the passway was merely permissive, it serves also to prove the easement acquired was encumbered by gates even while the appellee was perfecting his right. Under this state of facts, it is clear that appellants have the right to maintain gates across the passway.

 Under our rules governing passway cases, even if we should ignore the evidence concerning the existence of gates across the passway, the appellants would still be entitled to maintain gates. In Bridwell v. Beerman, 190 Ky. 227, 227 S.W. 165, at page 166, it was said:

"If one should acquire a passway by long use over and through the fields of a neighbor, and this passway was unfenced, the owner of the servient estate would have the right to erect a gate or gates across the way to aid him in fencing his farm or in dividing it up into fields."

Appellee argues that should the appellants be accorded the right to erect gates, they (appellants) might erect so many that the passway's usefulness to the appellee would be destroyed. We have commented on this point in Smith v. Price, 312 Ky. 474, 227 S.W.2d 981, at page 983, where it was said:

"Appellant as the owner of the property in fee is entitled to use it in a lawful manner, as in this case, to pasture his livestock. But in doing this as the owner of the servient estate, he cannot destroy or unduly obstruct the rights of the dominant estate created by the easement over the property. The servient owner must permit the free and unrestricted use of the passway by the owner of the dominant estate while the latter must use his right so as to be as little burdensome as possible to the servient estate."

See also Sandman v. Highland, 312 Ky. 128, 226 S.W.2d 766; and Flener v. Lawrence, 187 Ky. 384, 220 S.W. 1041.

Therefore, if the number and kind of gates erected are not suitable to proper use of the passway, the condition may be corrected by the courts.

So much of the judgment as holds that appellee has the right to the use of the passway is affirmed. So much of the judgment as enjoins appellants from maintaining a gate or gates across the passway is reversed with directions to enter one in accordance with the reasoning announced herein.