Thermon HERRON et al., Movants,

v.

Boyd BOGGS and Ola B. Boggs, His Wife, Respondents.

Supreme Court of Kentucky.

April 10, 1979.

Rehearing Denied July 24, 1979.

Charles Landrum, Jr., Landrum, Patterson & Dickey, Lexington, for movants.

J. Milton Luker, Luker & Luker, Boyd F. Taylor, Henry C. Stoltz, London, for respondents.

STEPHENSON, Justice.

The trial court entered judgment holding that movants were estopped from claiming any interest in that portion designated PARK in the subdivision plat upon which respondents had erected a home. The Court of Appeals affirmed. We granted discretionary review and reverse.

The respondent Boyd L. Boggs, in 1959, subdivided and developed a parcel of land known as Dixie Belle Subdivision. A plat was recorded in the county court clerk's office. The recorded plat designates each lot by number. In the south central portion of the plat is a 9.70-acre tract without a number and with the notation *PARK*. Each deed conveying a lot referred specifically to the recorded plat, the conveyance being made by lot and block number. In negotiating the sale of lots, Boggs displayed the plat to purchasers, representing in every instance that the 9.70 acres had been set aside as a park and recreational area for the use and benefit of the owners of the lots in the subdivision. A road or street bisects the area designated as PARK connecting with streets in the subdivision on the eastern and western side of the park. As the subdivision developed, Boggs constructed a

lake in the park south of the road together with a shelter house, cookout grill, etc.

After all the lots had been sold, Boggs in 1972–1973 constructed a residence in the section of the park north of the road without complaint or protest by the property owners and residents of the subdivision. In 1975, Boggs erected a fence around the lake and posted "no trespassing," "no fishing," and "keep out" signs. This action was protested by the lot owners. In the fall of 1976, Boggs placed a house trailer in the park near his residence.

Movants, lot owners in the subdivision, filed an action in the Laurel Circuit Court asking for injunctive relief for removal of the residence, house trailer, etc., or in the alternative, damages for diminution of the value of their property.

The trial court generally made these findings of fact, and neither side argues the findings are clearly erroneous in any respect.

With this factual situation, the trial court concluded as a matter of law that the PARK was dedicated for the use of the lot owners with a holding that Boggs retained legal title to the PARK, subject to the lot owners right of use. The trial court further concluded that the construction of a residence, fencing the lake, and placing a house trailer on the area violated the rights of the lot owners; but with respect to the residence, there was a conclusion of law that the lot owners were estopped to complain.

Judgment was then entered giving injunctive relief to the lot owners save for the residence and a designated area around it. The judgment denied damages.

■ When Boggs recorded the plat and sold lots in accordance with the plat, this constituted a dedication of the streets and the PARK to the public and thereby divested Boggs of legal title to the area. In this respect the judgment of the trial court is erroneous.

The complete answer in this matter is contained in *Cassell v. Reeves*, Ky., 265 S.W.2d 801, 802 (1954):

> "It is a settled principle that when a map or plat of a subdivided tract of land is exhibited or recorded and conveyances are made of the lots by reference thereto, the plat becomes a part of the deeds, and the plan shown thereon is regarded as a unity. And, nothing else appearing, it is held that all the streets, alleys, parks or other open spaces delineated on such map or plat have been dedicated to the use of the purchasers of the lots and those claiming under them as well as of the public. They become appurtenances to the lots. It is presumed that all such places add value to all the lots embraced in the general plan and that the purchasers invest their money upon the faith of this assurance that such open spaces, particularly access ways, are not to be the private property of the seller."

See also 23 Am.Jur.2d, Dedication § 27, p. 25:

> "And where there is nothing on the map to indicate that a park designated thereon is reserved by the owners, the very term 'park' indicates a dedication to public, rather than a reservation for private, use. It is as significant of a dedication, and of the use to which the land is dedicated, as is the word 'street' written thereon."

It follows that movants were entitled to a judgment directing Boggs to move his residence off the PARK and requiring him to restore the area where the residence is located to its original condition.

■ We do not find the elements of equitable estoppel in this state of facts and are of the opinion the trial court erroneously applied the doctrine to deny movants the relief to which they are entitled. Boggs knew the facts as well as did movants. His change of position was in reliance on an erroneous belief that he retained legal title to the PARK, and was not induced by any affirmative or negative conduct of movants.

The judgment of the trial court with respect to denial of injunctive relief to move respondents' residence is reversed with directions to enter a judgment requiring re-

spondents to move the residence from the park area and to restore the property to its original state.

All concur.