RENDERED:  AUGUST 13, 2021; 10:00 A.M.
NOT TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2019-CA-1726-MR

MICHAEL HARLAN AND
JOSIE HARLAN                                                          APPELLANTS


APPEAL FROM CLINTON CIRCUIT COURT
v.      HONORABLE SAMUEL TODD SPALDING, JUDGE
ACTION NO. 16-CI-00162


DORIS DEAN WILLIAMS
AND JOYCE LOVELACE                                            APPELLEES


OPINION
AFFIRMING

** ** ** ** **

BEFORE:  CALDWELL, McNEILL, AND TAYLOR, JUDGES.

TAYLOR, JUDGE:  Michael Harlan and Josie Harlan (the Harlans) bring this

appeal from a September 26, 2019, Trial Order and Judgment of the Clinton

Circuit Court upon a jury verdict finding that Stephenson Street in Albany,

Kentucky, was an abandoned public road and that Doris Dean Williams and Joyce

Lovelace adversely possessed real property identified as Stephenson Street on the plat of the Burcie Stephenson Subdivision. We affirm.

In 1955, a plat setting forth the Burcie Stephenson Subdivision (Stephenson Subdivision) was filed in the Clinton County Clerk's Office. The Stephenson Subdivision was a residential development and was wholly located within Albany, Kentucky. On the Stephenson Subdivision Plat, Stephenson Street was depicted in the middle of the subdivision running from Water Street in a northwardly direction and then turning sharply to the east. It is undisputed that lots therein were sold referencing the Stephenson Subdivision Plat.

Doris Dean Williams owns lots 1 through 8 in Block B and lots 17 through 21 in Block A in the Stephenson Subdivision by deeds dated July 5, 2006, and May 9, 2013. Joyce Lovelace owns lots 6 through 9 in Block A by deeds dated March 9, 1963, and June 7, 1984.[1] And, the Harlans own lots 10 through 16 in Block A by virtue of devise in 2005 and later by deed dated September 14, 2016.[2] As shown on the Stephenson Subdivision Plat, the Harlans' lots, Williams' lots, and Lovelace's lots directly abut the real property over which Stephenson Street was to be located per the Stephenson Subdivision Plat.

---

[1] Joyce Lovelace's deceased husband, Eddie Lovelace, originally obtained title to the property by deed dated March 9, 1963.

[2] Michael Harlan and Josie Harlan were devised a life estate in the subject property by the Last Will and Testament of Alline Damron. They later acquired fee simple title by deed dated September 14, 2016.

A controversy erupted between the parties concerning Stephenson Street. Williams and Lovelace filed a complaint in Clinton Circuit Court against the Harlans. Therein, Williams and Lovelace contended:

11. That the Defendants have set up a claim to the real estate owned by Plaintiffs by asserting that the private driveway of the Plaintiffs, which has been solely used and maintained by Plaintiffs and their predecessors in title for over 60 years, is a city street of the City of Albany, Kentucky, with unrestricted right of ingress and egress afforded the Defendants.

12. That the sole stated basis for the contention of Defendants is the existence of a Plat of the "Stephenson Sub-Division" . . . said plat being of record in Plat Cabinet 1, Slide 66, Clinton County Clerk[']s Office. Said Plat identifies "Stephenson Street" thereon. . . .

13. That the plat aforementioned did not dedicate any street or right-of-way thereon to the general public or to the City of Albany, Kentucky, or to any other person or entity. That it simply exists on paper. That various other "paper streets" exist in Albany, including one that extends from Spring Street to the property now owned by Doris Dean Williams, as identified on the original plat of the Town of Albany. That said street, being an extension of Jefferson Street, is as is Stephenson Street, never been utilized for travel by the public, and actually crosses the property now owned by Defendants Harlan.

14. That following their purchase of property, Robert B. Dyer et ux., and Ed P. Warinner et ux., did both construct homes on the property purchased about 1958 and did establish, create, grade, improve and blacktop a driveway for the sole purpose and benefit of furnishing a common driveway to their respective residences.

15. From the time Eddie and Joyce Lovelace purchased their property in 1963 they jointly maintained the driveway. Said driveway is identified hereafter as the "Williams-Lovelace Driveway." That since its establishment and creation, it has been exclusively maintained, improved, and repaved by the Plaintiffs and their predecessors in title.

16. Further, that the additional lands which would constitute "Stephenson Street" have been openly, continuously, adversely, notoriously, and exclusively possessed by being landscaped, mowed, improved, and maintained by Plaintiffs and their predecessors in title for a a [sic] period well in excess of fifteen years openly, exclusively, continuously, notoriously, and adversely against any interest of the Defendants and their predecessors in title.

17. That throughout those years, the Defendants' predecessors in title, John Damron and wife Alline Damron, did live and reside in the home now owned and occupied by the Defendants. Mr. & Mrs. Damron remodeled the home on the subject property after they purchased it in the 1950s. Mr. & Mrs. Damron had a driveway off Spring Street which provided acces [sic] to the entirety of the Damron property, including Mrs. Damron's florist located on the north end of the Damron residence.

18. That John Damron nor Alline Damron never utilized the driveway of Plaintiffs as a driveway for an automobile or other vehicle. In fact, the boundary line between the properties of Damron and the Plaintiffs (and their predecessors in title) was subject to a barrier which was removed by Michael Harlan after he acquired the Damron property. Said barrier was impenetrable by a motor vehicle and was erected and constructed for a period in excess of fifteen (15) consecutive years prior to the Defendants Harlan acquiring any interest in the subject property.

19. That the property purchased by Damrons was a part of the Stephenson Sub-Division [sic], but by reason of having access to their property via Spring Street the Damrons never utilized, abandoned, and forfeited any right to utilize said access, for a period in excess of fifteen (15) years.

20. That Glenn Ray Smith and his predecessors in title never utilized the Williams-Lovelace driveway for access by a motor vehicle. That Plaintiff Williams now owns the Glenn Ray Smith tract.

. . . .

22. That there was previously for a period in excess of fifteen years a barrier between the property owned by Defendants Harlan and the properties of Plaintiffs. That Defendants have recently removed the barrier.

. . . .

24. That the Plaintiffs and their predecessors in title have been in open, continuous, exclusive, actual, adverse and notorious possession of the property to the immediate north of the Defendants property for a period in excess of fifteen(15) years, and said possession constitute[s] adverse possession under Kentucky law.

25. That any right of ingress and egress that John and Alline Damron might have had was terminated by their abandonment of usage of said "Stephenson Street" right-of-way for a period in excess of fifteen years prior to Defendantsa [sic] taking title to the Damron property.

December 21, 2016, Complaint at 3-5. The crux of the complaint was that

Stephenson Street was never constructed or opened; rather, the Williams' and

Lovelace's predecessors in title constructed and maintained a private driveway to

access their respective real property over a portion of the real property where Stephenson Street had been platted. In the complaint, it was alleged that the private driveway was used solely by Williams, Lovelace, their predecessors in title, invitees thereof, or others with permission, and to the exclusion of the general public since 1958. As a result, Williams and Lovelace claimed title to said real property by adverse possession.

The Harlans filed an Answer and Counterclaim. In the Counterclaim, the Harlans maintained that Stephenson Street was dedicated as a public right-of-way by the Stephenson Subdivision Plat and that neither Williams nor Lovelace could object to the Harlans' or the public's right to access same.

Subsequently, the Harlans filed a motion for judgment on the pleadings or summary judgment. The Harlans argued that "the recording of a plat and sale of lots in a subdivision with reference to a street [on the plat] amount to an immediate dedication of use for purchasers of the lots and the public, even if the street is not actually opened and there has been no acceptance by the city." August 8, 2019, Motion for Summary Judgment at 3. The Harlans alleged that the Stephenson Subdivision Plat was recorded and lots were sold referencing the plat; consequently, Stephenson Street was dedicated to public use even if it were never opened or accepted by Albany into its road system. The Harlans further maintained that Williams and Lovelace could not acquire a "city street/public

right-of-way" by adverse possession. August 8, 2019, Motion for Summary Judgment at 3.

In response, Williams and Lovelace initially pointed out that Stephenson Street as depicted on the Stephenson Subdivision Plat was never opened as a road. Rather, Williams and Lovelace contended that their predecessors in title constructed in 1958 and maintained thereafter a private-common driveway on a portion of the property depicted as Stephenson Street on the plat. Williams and Lovelace asserted that neither the public nor the Harlans' predecessors in title used the private driveway. In fact, Williams and Lovelace contended that any dedicated public road had been abandoned by fifteen years of nonuse by the public and/or by the Harlans, including their predecessors in title. And, Williams and Lovelace pointed to facts demonstrating that they and their predecessors in title had adversely possessed the real property identified on the Stephenson Subdivision Plat as Stephenson Street.

The trial court ultimately denied the Harlans' motion for judgment on the pleadings or summary judgment. The trial court concluded that Stephenson Street as platted was a public road, but the court believed that material issues of fact existed to preclude summary judgment upon whether Stephenson Street had been abandoned and whether the real property identified on the Stephenson Subdivision Plat had been adversely possessed.

The matter was heard by a jury on September 18-19, 2019. The jury returned a verdict in favor of Williams and Lovelace. The jury found, by clear and convincing evidence, that Stephenson Street had not been used by the public or by the Harlans and/or their predecessors in title as a right-of-way for fifteen years and was abandoned. The jury also found that Williams and Lovelace had proved, by clear and convincing evidence, that they adversely possessed the real property identified as Stephenson Street on the Stephenson Subdivision Plat. The Harlans filed a motion for judgment notwithstanding the verdict. The trial court denied the motion by order entered October 23, 2019. This appeal follows.

## Dedication by Estoppel Involving Plat

The Harlans contend that the recording of the Stephenson Subdivision Plat and the sale of lots with reference thereto resulted in "an immediate dedication of use [of any street illustrated on the plat] for the purchasers of the lots and the public." Harlans' Brief at 4. The Harlans argue that Stephenson Street was dedicated by plat and constituted a "dedicated city street/public right[-]of[-] way." Harlans' Brief at 5. We agree with the Harlans that Stephenson Street was dedicated by estoppel involving plat to public use; but we disagree with the Harlans' characterization of Stephenson Street as a "city street/public right[-]of[-] way." To determine the parties' and the public's respective rights as to Stephenson

Street, it is crucial to accurately determine Stephenson Street's proper legal classification.

In Kentucky, our Courts have long recognized the principle of common-law dedication of private property to a public purpose. *Volpenheim v. Westerfield*, 287 S.W. 545 (Ky. 1926); *Newland v. Schriver*, 19 S.W.2d 963 (Ky. 1929); *City of Middlesboro v. Kentucky Utilities Co.*, 35 S.W.2d 877 (Ky. 1931); *Howard v. Barton*, 51 S.W.2d 977 (Ky. 1932); *Cassell v. Reeves*, 265 S.W.2d 801 (Ky. 1954); *Herron v. Boggs*, 582 S.W.2d 643 (Ky. 1979); *Henry Fischer Builder, Inc. v. Magee*, 957 S.W.2d 303 (Ky. App. 1997); *Nash v. Campbell Cty. Fiscal Court*, 345 S.W.3d 811 (Ky. 2011). A dedication of property to the public is broadly defined as "the setting aside of land, or of an interest therein, to the public use." 23 Am. Jur. 2d *Dedication* § 1 (2021). A common-law dedication is premised upon the express or implied intent of the dedicator to devote his property to a public use and the corresponding public acceptance of such property. 11A McQuillin, *Municipal Corporations* § 33.2 Dedication (3d ed. 2010).

One prevalent type of common-law dedication is dedication by estoppel. A common-law dedication by estoppel may be effectuated by subdividing land into lots and laying out streets, roads, and other open areas on a plat. *Kircheimer v. Carrier*, 446 S.W.3d 224, 228 (Ky. 2014). Such common-law dedication is generally referred to as dedication by estoppel involving plat. *Id.*

The conduct of subdividing lots and setting forth roads on a plat without expressly stating whether said roads are private or public operates as an estoppel against the dedicator and constitutes an offer to dedicate said roads to public use. *Williams v. Poole*, 103 S.W. 336 (Ky. 1907); *Cassell*, 265 S.W.2d 801; *Hofgesang v. Woodbine Ave. Realty Co.*, 414 S.W.2d 580 (Ky. 1967), *modified on denial of reh'g* (Jun. 2, 1967); *Herron*, 582 S.W.2d 643. Such an offer to dedicate requires neither formal public acceptance nor general use by the public; rather, a dedication by estoppel involving plat may be consummated by the selling of a lot with reference to the subdivision plat. *Volpenheim*, 287 S.W. 545; *Cassell*, 265 S.W.2d 801; *Houghland v. Perdue*, 361 S.W.2d 291 (Ky. 1962); *Banks v. Wilhoite*, 508 S.W.2d 580 (Ky. 1974). It must be emphasized that a dedication effected by platting plus the sale of lots by reference thereto constitutes an irrevocable dedication. *Kircheimer*, 446 S.W.3d at 228-29. It does not require any formal governmental action by the state, county, or city but rather rests upon the common-law doctrine of dedication by estoppel. With common-law dedication by estoppel involving plat, the streets or roads appearing on the plat are considered to be offered for public use absent an expressed contrary intent. *Kircheimer,* 446 S.W.3d at 229. And, such a street or road is regarded as a common-law public road over which the public enjoys a right-of-way easement. *Ellington v. Becraft*,

534 S.W.3d 785, 793 (Ky. 2017); *Bluegrass Manor v. Mall St. Matthews Ltd. P'ship*, 964 S.W.2d 431, 433 (Ky. 1998).

In this case, it is undisputed that the Stephenson Subdivision Plat was recorded in 1955 and that lots were sold by reference to such plat. It is also undisputed that Stephenson Street was depicted upon the plat and was to provide access to a number of lots in the subdivision. However, there was no evidence introduced at trial that the Stephenson Subdivision Plat was approved by the City of Albany's Planning and Zoning Commission. And, there was no evidence that Stephenson Street was ever accepted by the City of Albany into its road system. Rather, based upon uncontradicted evidence, the recording of the Stephenson Subdivision Plat and the concomitant selling of lots therein legally effectuated a dedication by estoppel involving plat of Stephenson Street to public use. Thus, Stephenson Street was a public road over which the public, including the lot owners of the Stephenson Subdivision, enjoyed a right-of-way easement. Having so determined, we shall now turn to the issue of abandonment.

Abandonment

The Harlans assert that the trial court erred by denying their motion for a directed verdict and motion for judgment notwithstanding the verdict upon whether Stephenson Street was abandoned. The Harlans initially claim that a dedicated public right-of-way in a city cannot be abandoned. The Harlans further

-11-

maintain that Stephenson Street was not abandoned because evidence was introduced that Williams, Lovelace, and their predecessors in title utilized Stephenson Street on a daily basis; moreover, the Harlans point out that third parties and the Harlans themselves had utilized Stephenson Street. Alternatively, the Harlans argue that Stephenson Street could only be abandoned by following the dictates of Kentucky Revised Statutes (KRS) 82.405, KRS 178.020, and KRS 413.050, which Williams and Lovelace failed to do. Lastly, the Harlans assert that if Stephenson Street were abandoned, they, as abutting property owners, would be entitled to reasonable ingress and egress over the street.

Our standard of review from a trial court's denial of a motion for a directed verdict and motion for judgment notwithstanding the verdict is identical. *Indiana Ins. Co. v. Demetre*, 527 S.W.3d 12, 25 (Ky. 2017). To grant the motions, there must be "a complete absence of proof on a material issue in the action, or if no disputed issue of fact exists upon which reasonable men could differ." *Radioshack Corp. v. ComSmart, Inc.*, 222 S.W.3d 256, 261 (Ky. App. 2007) (quoting *Taylor v. Kennedy*, 700 S.W. 2d 415, 416 (Ky. App. 1985)). Stated differently, "if under the evidence as a whole, it would be clearly unreasonable for a jury to find guilt [or liability], only then the defendant is entitled to a directed verdict." *Mountain Water Dist. v. Smith*, 314 S.W.3d 312, 314 (Ky. App. 2010) (quoting *Commonwealth v. Benham*, 816 S.W.2d 186, 187 (Ky. 1991)). The

evidence and reasonable inferences therefrom must be construed in a light most favorable to the nonmoving party. *Radioshack Corp.*, 222 S.W.3d at 261.

In 1979, our Supreme Court recognized that a public road, created through dedication by prescription, could be abandoned without formal action of a governmental entity and nonuse by the public for fifteen years. *Sarver v. Allen Cty., By and Through Its Fiscal Court*, 582 S.W.2d 40, 42-43 (Ky. 1979); *see also Blankenship v. Acton*, 159 S.W.3d 330, 333-34 (Ky. App. 2004).[3]

The trial court relied upon *Sarver*, 582 S.W.2d 40, and instructed the jury in accordance therewith. The jury found that clear and convincing evidence existed that Stephenson Street had been abandoned and not utilized by the public for more than fifteen continuous years. Additionally, the jury found that clear and convincing evidence existed that the Harlans, including their predecessors in title, had abandoned and not utilized Stephenson Street for more than fifteen continuous years. We believe that the trial court properly relied upon *Sarver*, 582 S.W.2d 40, in instructing the jury that Stephenson Street could be abandoned by fifteen years of nonuse by the public and by the Harlans and/or their predecessors in title. Moreover, sufficient evidence was introduced by Williams and Lovelace

---

[3] There are generally two types of informal or common-law dedication of a public road – dedication by estoppel and dedication by prescription. *Ellington v. Becraft*, 534 S.W.3d 785, 792 (Ky. 2017).

demonstrating that the public, the Harlans, and/or their predecessors in title had abandoned Stephenson Street.

At trial, Williams and Lovelace introduced evidence that the Harlans and their predecessors in title had long utilized an alternative driveway to access their property and that Stephenson Street was never opened. Williams and Lovelace also introduced evidence that a fence and/or hedge row had existed between the Harlans' real property and the real property where Stephenson Street was to be located, thus making any automobile traffic from the Harlans' property to Stephenson Street impossible for more than fifteen years. There also was evidence that Williams' and Lovelace's predecessors in title had constructed a private-common driveway to reach their respective properties in 1958 over some of the real property where Stephenson Street was originally platted. Further, Williams and Lovelace introduced testimony that their predecessors in title solely financed the construction of the driveway and that its maintenance was carried out by Williams, Lovelace, or their predecessors in title, not the City of Albany. And, there was evidence that the driveway was used by Williams, Lovelace, their predecessors in title, and others with their permission, to the exclusion of the public.

Viewing the evidence and inferences therefrom most favorable to Williams and Lovelace, a reasonable juror could find that Stephenson Street had

been abandoned; therefore, the trial court properly denied the Harlans' motion for directed verdict and motion for judgment notwithstanding the verdict.

Additionally, and contrary to the Harlans' contentions otherwise, KRS 82.405, KRS 178.020, and KRS 413.050 are wholly inapplicable to abandonment of a public road. KRS 82.405 deals with a city's legislative body formally closing a public way. It has no bearing upon abandonment by the public of a public road. And, KRS 178.020 provides, in relevant part, that a county road or city street lawfully established and opened shall continue "until properly discontinued." As herein concluded, Stephenson Street is not a county road or city street; rather, it is a public road. Thus, KRS 178.020 has no application to this case. Finally, as to KRS 413.050, its provisions deal with adverse possession of a city street, public easement, or public road. Abandonment of a public road and adverse possession of a public road are two separate matters.

We also reject the Harlans' contention that they are entitled to reasonable ingress and egress over Stephenson Street if it has been abandoned. The law is well settled that "[i]f the road has been legally abandoned, the abutting property owner still retains a private easement over the roadbed to the extent that it is required to allow him a reasonable means of ingress and egress." *Hylton v. Belcher*, 290 S.W.2d 475, 477 (Ky. 1956); *see also Potter v. Citation Coal Co.*, 445 S.W.2d 128, 130 (Ky. 1969). Herein, the Harlans and their predecessors in

title have utilized an alternative driveway for ingress and egress to their property.

Consequently, a private easement over Stephenson Street is not necessary to

provide the Harlans a reasonable means of ingress and egress to their property. In

view thereof, we conclude that the Harlans are not entitled to a private easement

over Stephenson Street.[4]

Adverse Possession

The Harlans argue that Williams and Lovelace did not adversely

possess Stephenson Street because they failed to comply with the notice

requirements of KRS 413.050(1). Citing to KRS 413.050(1), the Harlans maintain

that it was incumbent upon Williams and Lovelace to give the City of Albany

written notice of their adverse possession of Stephenson Street. The Harlans point

out that no evidence was introduced demonstrating that written notice was given

pursuant to KRS 413.050; therefore, there was no adverse possession of

Stephenson Street by Williams and Lovelace.

KRS 413.050(1) reads, in pertinent part:

> The limitations mentioned in KRS 413.010 to 413.040
> shall not begin to run in respect to actions by a city for
> the recovery of any part of any street, alley or other

---

[4] The Harlans also maintained that upon abandonment of Stephenson Street, each abutting property owner would hold fee simple title to the center of the street. This is incorrect. As Stephenson Street was dedicated by estoppel involving plat, fee simple title remained with the dedicator and only a right-of-way easement was passed to the public. Thus, upon abandonment of a common-law dedicated road, the easement is extinguished, and the dedicator holds the fee free of the easement. *See Bluegrass Manor v. Mall St. Matthews Ltd. P'ship*, 964 S.W.2d 431, 433-34 (Ky. 1998); *Illinois Cent. R.R. Co. v. Roberts*, 928 S.W.2d 822, 826-27 (Ky. App. 1996).

-16-

public easement or the use thereof in the city, until the legislative body of the city has been notified in writing by the party in possession or about to take possession that his possession will be adverse to the right or title of the city. Until such notice is given, all possession of any part of any street, alley or public easement in any city shall be deemed amicable, and the person in possession the tenant at will of the city.

Under the plain terms of KRS 413.050(1), it bars the limitations "in respect to actions by a city for the recovery of any part of any street, alley or other public easement[.]" The case at hand does not involve an action by the city to recover a city street, alley, or public easement. In fact, the City of Albany is not a party to this action. We, thus, conclude that KRS 413.050(1) is inapplicable herein.

The Harlans also assert that Williams and Lovelace failed to prove the elements of adverse possession by clear and convincing evidence. In particular, the Harlans maintain that Williams and Lovelace did not demonstrate adversity or hostility. The Harlans further argue that they introduced evidence of their use of Stephenson Street and that they were not placed on notice of Williams and Lovelace's adverse possession until the filing of this action, which was on December 21, 2016. Also, the Harlans assert that Williams and Lovelace cannot both adversely possess the same real property.

Recently, the Kentucky Supreme Court set forth the elements of adverse possession:

-17-

> 1) [P]ossession must be hostile and under a claim of right, 2) it must be actual, 3) it must be exclusive, 4) it must be continuous, and 5) it must be open and notorious.

*Moore v. Stills*, 307 S.W.3d 71, 77 (Ky. 2010). The elements of adverse possession must be proved by clear and convincing evidence and must all be maintained for fifteen years. *Id.* at 77-78. To prevail upon their motions for a directed verdict and for judgment notwithstanding the verdict, the Harlans must demonstrate that it was clearly unreasonable for a jury to have found that Williams and Lovelace adversely possessed the real property over which Stephenson Street was platted. *Mountain Water District*, 314 S.W.3d at 314; *Radioshack*, 222 S.W.3d at 261.

At trial, Williams and Lovelace introduced evidence that their predecessors in title built the common driveway for the purposes of accessing their respective properties in 1958. Williams and Lovelace also introduced evidence that they and their predecessors in title solely improved and maintained the driveway since 1958. There was also evidence that Williams, Lovelace, their predecessors in title, their invitees, or those with permission had utilized the driveway, to the exclusion of the public, since 1958. Various individuals from Albany testified that the driveway was viewed by them as a private driveway. Williams and Lovelace also demonstrated that they planted shrubs, landscaped, and regularly mowed an area around the driveway. And, there was evidence that

-18-

Williams, Lovelace, and/or their predecessors in title regularly utilized the driveway to access their respective properties.

And, as to whether Williams and Lovelace may both establish title by adverse possession, the Kentucky Supreme Court has noted that "[t]wo or more persons may be coadverse possessors[.]" *Ellington v. Becraft*, 534 S.W.3d 785, 798 n.3 (Ky. 2017). In so noting, the Supreme Court cited to "3A Keats, *Kentucky Practice*, *Real Estate Transactions* § 19:5" as authority.[5] Therein, it is stated "[t]hat adverse possession must be 'exclusive' means it must not be shared with the disseised owner. Two or more persons may be coadverse possessors; if they acquire title, it will be as tenants in common." Elements – Exclusive, 3A Keats, *Kentucky Practice*, *Real Estate Transactions* § 19:5. This Court is bound to follow Supreme Court precedent. Rules of the Supreme Court (SCR) 1.030(8)(a). Thus, Williams and Lovelace may adversely possess the subject property without negating the exclusivity element of adverse possession.

Considering the evidence as a whole, the Harlans have failed to demonstrate that it was unreasonable for the jury to have found that Williams and Lovelace satisfied the elements of adverse possession by clear and convincing evidence.

---

[5] The Supreme Court citation of this authority did not cite the edition of the Kentucky Practice series quoted. However, this authority was originally set out in 3 Keats, *Kentucky Practice*, *Methods of Practice* § 5.5 Elements-Exclusive (3d ed. 1989).

For the foregoing reasons, the Trial Order and Judgment of the Clinton Circuit Court is affirmed.

ALL CONCUR.

BRIEFS FOR APPELLANTS:

Winter R. Huff
Monticello, Kentucky

BRIEF FOR APPELLEES:

Donald L. Wilkerson, III
David M. Cross
Albany, Kentucky